H. RAY PAIGE, Respondent, *v.* ALEXANDER FAURE, Appellant.

Contract — no bilateral contract for personal services can be assigned by one party thereto without the consent of the other.

1. The general rule is that rights arising out of a contract cannot be transferred if they are coupled with liabilities or if they involve a relationship of personal credit and confidence. No bilateral contract for personal services can be assigned by either party to it, without the consent of the other. A party cannot be forced to accept a contract which he did not, in the first instance, make, and to which he did not subsequently assent.

2. Plaintiff and another, as copartners, entered into an agreement with defendant to sell automobile tires manufactured by defendant upon the terms therein set out, the contract to be renewed from year to year at the option of plaintiff's firm in case certain conditions therein contained were complied with. Duing the year the plaintiff's partner transferred his interest in the contract to plaintiff, who sought a renewal, which defendant refused to give, whereupon plaintiff brought this action to recover damages. On examination of the contract, *held,* that it is fairly to be implied that the plaintiff and his partner were personally to devote their time and do whatever was reasonable and necessary to sell defendant's product, and that their

acceptance of benefits under it imposed upon them a corresponding obligation for defendant's benefit; hence the contract was not assignable without defendant's consent, and defendant was justified in refusing to renew.

*Paige* v. *Faure,* 186 App. Div. 940, reversed.

(Argued April 27, 1920; decided June 1, 1920.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 10, 1918, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*H. Preston Coursen* for appellant. A contract calling for the performance of personal services and involving a relation of trust and confidence is not assignable. (*Hardy Implement Co.* v. *South Bend Iron Works,* 129 Mo. 222; *Nassau Hotel Co.* v. *B. & B. Corp.,* 162 App. Div. 381; 212 N. Y. 568; *Wooster* v. *Crane & Co.,* 73 N. J. Eq. 22; *Montgomery* v. *De Picot,* 153 Cal. 509; *Swarts* v. *Narragansett Lighting Co.,* 26 R. I. 436; *Goldschmidt & Loewenick* v. *Diamond Co.,* 174 N. Y. Supp. 800; *Schlessinger* v. *Forest Products Co.,* 78 N. J. L. 637; Elliott on Contracts, § 1436; *Puffer* v. *Welch,* 144 Wis. 506; *Central Brass & Stamping Co.* v. *Stuber,* 220 Fed. Rep. 909.)

*Ernest J. Ellenwood* for respondent. Lindner's interest in the agreement was properly assignable to the plaintiff. (*Liberty Wall Paper Co.* v. *Stoner,* 59 App. Div. 353; 170 N. Y. 582; *Rosenthal P. Co.* v. *Nat. Folding B. & P. Co.,* 226 N. Y. 313; *N. Y. Bank Note Co.* v. *Hamilton B. N. Co.,* 180 N. Y. 280; *Vandegrift* v. *Cowles,* 161 N. Y. 435; *Smith* v. *Craig,* 211 N. Y. 456; *Quinn* v. *Whitney,* 204 N. Y. 363; *Devlin* v. *Mayor of New York,* 63 N. Y. 8; Pers. Prop. Law, § 41; *Schoonmaker* v. *Hoyt,* 148 N. Y. 425.)

M<small>C</small>L<small>AUGHLIN</small>, J. On the 12th of December, 1914, the appellant, a dealer in automobile tires bearing his name, entered into a contract with the respondent and one Lindner, the material terms of which, so far as the question presented on the appeal is concerned, are as follows:

Faure, for a period of one year, gave to Paige and Lindner the exclusive agency in the United States — except the cities of Boston and New York and certain territory adjacent thereto — to sell automobile tires manufactured by and for him and bearing his name. He agreed to sell the tires and make prompt delivery to Paige and Lindner at the prices charged him for their manufacture by the B. F. Goodrich Company, or any other manufacturer, plus two dollars profit on each. He also agreed to immediately consign to them a maximum of thirty tires, title to which was to remain in him until sold, they agreeing to promptly inform him of sales made therefrom and to pay for all goods sold, whether from consigned stock or those purchased outright, on the 20th of the month following the date of sale. They also agreed, upon the execution of the contract, to purchase one thousand dollars' worth of plaintiff's goods, and to thereafter, during the life of the contract, or any renewals thereof, carry and sell his stock — he agreeing to renew the contract from year to year at their option, provided they sold, during the year immediately preceding the renewal, ten thousand dollars' worth of his goods and gave him thirty days' written notice before the expiration of the contract of an intention to renew. They purchased one thousand dollars' worth of tires and entered upon and continued to carry out the provisions of the contract until some time in July following, when Lindner sold his interest in the contract to Paige. Paige thereafter continued to perform until some time in November (ten thousand dollars' worth of plaintiff's goods having in the meantime been sold) when he gave notice of his

intention to and requested a renewal of the contract for another year. Faure refused to renew and thereupon this action was brought to recover the damages alleged to have been sustained. Plaintiff had a verdict for $5,000, upon which judgment was entered, from which defendant appealed to the Appellate Division, where the same (one of the justices dissenting) was affirmed. He now appeals to this court.

There was no provision in the contract to the effect that Paige and Lindner were to devote their time and use their best endeavors to further the interest of Faure, or in fact to do anything except to purchase one thousand dollars' worth of tires and pay him for goods sold by them, whether from consigned stock or that purchased outright, on or before the 20th of the month following the date of sale. In view, however, of the credit and the exclusive agency given to them, it is fairly to be implied that they were to devote their time and do whatever was reasonable and necessary to selling the defendant's product. The contract meant something. It was not a mere scrap of paper. The owner of a product would not give to another the exclusive agency, covering a wide territory, to sell the same unless he believed an effort would be made by the one to whom such right was given to sell; and one would not take, if acting in good faith, an exclusive agency to sell another's goods unless he expected and intended to use reasonable efforts to sell. (*Wood* v. *Duff-Gordon*, 222 N. Y. 88; *City of New York* v. *Delli Paoli*, 202 N. Y. 18; *Wilson* v. *Mechanical Orguinette Co.*, 170 N. Y. 542; *Wells* v. *Alexandre*, 130 N. Y. 642.) Faure, during the life of the contract, could not sell his own goods, except in the territory reserved. The acceptance by Paige and Lindner of benefits under the contract imposed upon them a corresponding obligation for Faure's benefit. (*Wood* v. *Duff-Gordon, supra; Taylor Co.* v. *Bannerman*, 120 Wis. 189; *Mueller* v. *Bethesda Mineral Spring Co.*, 88 Mich. 390.) Unless

this be so, then the transaction could not have the business efficacy which both parties must have intended it should have when the contract was executed.

This naturally leads to the only other question presented by the appeal, and that is whether the contract was assignable without Faure's consent; in other words, did Lindner's assignment to Paige of all his interest in the contract justify Faure in refusing, at the request of Paige, to renew the contract for another year? I am of the opinion that it did. Faure entered into a contract, not with Paige, but with Paige and Lindner. He was to have the benefit of the services of both, not one, in the sale of his product. He agreed to give credit to both, not one, and it may very well be, except for Lindner, he would not have executed the contract at all.

The general rule is that rights arising out of a contract cannot be transferred if they are coupled with liabilities or if they involve a relationship of personal credit and confidence. (*Nassau Hotel Co.* v. *Barnett & Barse Corp.*, 162 App. Div. 381; affd., on op. below, 212 N. Y. 568; *Wooster* v. *Crane & Co.*, 73 N. J. Eq. 22; *Hardy Implement Co.* v. *South Bend Iron Works*, 129 Mo. 222; *Montgomery* v. *DePicot*, 153 Cal. 509; *Puffer* v. *Welch*, 144 Wis. 506; Pollock on Contracts [4th ed.], 425.)

No bilateral contract for personal services can be assigned by either party to it, without the consent of the other. (Williston on Contracts, sec. 421.)

But it is urged that this case does not fall within the general rule, because there is a provision in the contract that " This agreement shall bind and benefit the respective successors and assigns of the parties hereto." When the whole contract is considered I am of the opinion this did not give Lindner the right, without Faure's consent, to assign his interest to Paige. The intention of parties to a contract must be ascertained, not from one provision, but from the entire instrument. (*People* v. *Gluck*, 188 N. Y. 167; *Heryford* v. *Davis*, 102 U. S.

235.)    When this contract is thus considered, it is apparent that both Paige and Lindner were personally to devote their time to carrying out its terms.    This necessarily follows from the language used, which shows that a personal trust and confidence were reposed in both of them. (*Arkansas Valley Smelting Co.* v. *Belden Mining Co.*, 127 U. S. 379.)

.In *Nassau Hotel Co.* v. *Barnett & Barse Corp.* (*supra*) the plaintiff owned a hotel and entered into an agreement with two men by the names of Barnett and Barse to conduct it for a period of years.    Thereafter they formed a corporation and assigned the contract to it.    The court held that as the contract involved a relation of trust and confidence, and as a party has the right to the benefit contemplated from the character, credit and substance of him with whom he contracts, the contract was not assignable, notwithstanding there was a provision · in it that "This agreement shall inure to the benefit of and bind the respective parties hereto, their personal representatives, successors and assigns."

An authority very much in point is *Hardy Implement Co.* v. *South Bend Iron Works* (*supra*).    There, defendant entered into a contract with a firm composed of two persons, Hardy and Mason, for the sale of plows manufactured by it, to which a credit was to be given and certain discount advantages offered.    Mason withdrew from the firm and transferred his interest in the contract to the plaintiff.    Defendant refused to ship to the plaintiff the goods called for by the contract.    Action was brought to recover damages alleged to have been sustained.    A demurrer was interposed to the complaint, which was sustained, the court stating that where an executory contract is made between two parties and one of them consists of two persons, composing a partnership, and one of those persons withdraws from the firm, which is thereby dissolved, it is for the party who contracted with the firm to say whether the contract shall proceed or not.

The principle upon which the rule stated is predicated is that a party cannot be forced to accept a contract which he did not, in the first instance, make, and to which he did not subsequently assent. (*Moore* v. *Vulcanite Portland Cement Co.*, 121 App. Div. 667; 204 N. Y. 680; *Boston Ice Co.* v. *Potter*, 123 Mass. 28; *Kemp* v. *Baerselman*, 1906, 2 King's Bench, 604.)

The judgments appealed from should, therefore, be reversed and the complaint dismissed, with costs in all courts.

Hiscock, Ch. J., Collin, Hogan, Pound, Andrews and Elkus, JJ., concur.

Judgments reversed, etc.