## D. L. STERN AGENCY, Inc., et al. v. MUTUAL BENEFIT HEALTH & ACCIDENT ASS'N.

District Court, S. D. New York.

Oct. 31, 1941.

168

Herbert Stein, of New York City, for plaintiffs.

Albert Hirst, of New York City, for defendant.

CONGER, District Judge.

Four motions have been made by the defendant: (1) to dismiss the complaint for failure to state a claim; (2) to strike certain matters from the complaint as redundant, etc.; (3) for a bill of particulars; (4) in the alternative to the bill, for leave to take the plaintiff's deposition before answer.

Although originally addressed to the entire complaint, the motion to dismiss as to the corporate plaintiff has been withdrawn, and is asserted now only against the individual plaintiff.

Two causes of action are alleged in the complaint, the first on behalf of both plaintiffs for breach of contract, the second by the individual plaintiff alone for damages for injury to his reputation.

In the first cause of action it is alleged that both plaintiffs are licensed insurance agents, and that defendant is licensed to do business in this state. A contract is alleged between Stern (the individual plaintiff) and the defendant, made in 1939, whereby said plaintiff was constituted a general agent of the defendant, to operate in the New York area in the promotion of defendant's business. The compensation of the plaintiff Stern was specific therein, and it was provided that defendant would aid and assist Stern to develop the business for their mutual advantage. Then it is alleged: "It was also agreed that the plaintiff, David L. Stern, could assign the contract, aforesaid, to a corporation to be formed by him."

The complaint then contains a series of customs and usages which, plaintiff says, appertain to the New York insurance business, and it is averred that these were known to Stern and the defendant.

It is then alleged that the corporate plaintiff was created, and that the contract involved was assigned to it. Other paragraphs set out that the corporate plaintiff has at all times been wholly owned, operated and controlled by Stern, and that in the subsequent dealings under the contract defendant recognized and dealt with both plaintiffs as a single entity, making no distinction between them.

The complaint continues with the allegations that both plaintiffs entered into and did fully perform the contract. It is averred that defendant breached it. The breaches, which allegedly were designed to hinder and prevent performance by plaintiffs consist of a series of acts which, it is alleged, reveal either a purpose to undermine plaintiffs' efforts to promote the business by creating competition, or to destroy plaintiffs' business and reputation by dishonest and unethical conduct relating to transactions with third persons who dealt with defendant through plaintiffs' agency. The acts complained of are pleaded as breaches of the contract in suit, and damage is alleged.

The sufficiency of the first cause of action to show a breach of contract need not be inquired into, because I am satisfied that Stern has not shown his standing to claim a breach.

Under Federal Rules of Civil Procedure, rule 17(a), 28 U.S.C.A. following section 723c, every action must be presented in the name of the real party in interest. As paraphrased by Moore (2 Moore's Federal Practice p. 2042) this means: "An action shall be prosecuted in the name of the party who, by the substantive law, has the right sought to be enforced." And see Alabama Independent Service Station Ass'n v. Shell Petroleum Corp., D.C., 28 F.Supp. 386.

There is no doubt that originally Stern, being one of the contracting parties, had a right to sue for breach of contract. But it is alleged by him that he assigned

the contract to the corporate plaintiff, and that in the original contract such an assignment was contemplated. There is no language to qualify the import of the allegations relating to the assignment, and neither the contract nor the assignment are pleaded in terms. Although the pleader is entitled to every reasonable intendment, I find myself unable to come to any conclusion except that Stern made a full and complete assignment; that is, he transferred all of his right, title and interest in the contract to the corporation. If this assumption be correct then it is clear that Stern has no right or interest, as an individual, to be enforced. Rochester Lantern Co. v. Stiles & Parker Press Co., 135 N.Y. 209, at page 216, 31 N.E. 1018. A provision in the contract expressly permitting an assignment is competent to make effective the subsequent transfer. 2 Williston, § 423; Restatement of Contracts, § 162; and see discussion in Griffin v. Brooklyn Ball Club, 68 App.Div. 566, 73 N.Y.S. 864, affirmed 174 N.Y. 535, 66 N.E. 1109; Baseball Players' Fraternity v. Boston American League Base Ball Club, 166 App.Div. 484, 151 N.Y.S. 557.

■ On the face of this pleading the assignment, consented to by the defendant, effectively precludes Stern from recovering for breach of contract. Stern's argument, that he and the corporation should be considered as a single entity because they were so dealt with by the defendant, is unsound. Whatever may have been in the minds of the parties is belied by the complaint itself. Stern could not assign and still retain the right to enforce, unless the assignment was incomplete, or unless expressly reserving certain rights to himself. It is true that the intention of the parties will be given effect, if it can be ascertained. Paige v. Faure, 229 N.Y. 114, 127 N.E. 898, 10 A.L.R. 649; People v. Gluck, 188 N.Y. 167, 80 N.E. 1022. But the contract and assignment have not been pleaded to show that Stern has any contractual rights remaining.

In the second cause of action Stern repeats the entire first cause of action. It is then alleged that Stern has been engaged in the insurance business for twenty years; that during that period he built up a large following of licensed agents through whom he operated, and that his reputation, with these agents, has been excellent and his business with them successful. It is alleged that defendant knew of this reputation and for that reason was anxious to secure Stern's services; that the defendant's acts, aforesaid, injured Stern's reputation, and the unethical and unfair trade practices reflected discredit upon him, with the result that many of the agents lost confidence in Stern and have refused to do business with him. It is stated that these acts were done in violation of plaintiff's rights and with the knowledge that they would reflect discredit on Stern and injure his reputation. Damage is asked.

It is pertinent to remark that the total damages sought is $25,000—the same amount set out as the damage incurred in *each* cause of action. In other words, the plaintiffs have pleaded two theories of asserted recovery in the alternative, and Stern has not asked for any sum additional to that sought by the corporation.

It is my opinion that no claim is set forth in the second cause of action for which recovery may be had. I can perceive no actionable wrong pleaded for which defendant may be liable to Stern. The defendant asserts that if Stern was injured it was his own doing because he chose to continue his association with defendant and the plaintiff corporation when he was under no obligation to do so.

■ Irrespective of the above, however, the claim is insufficient. Plaintiff Stern, in his brief, attempts to sustain it on the theory that special damages accrued to him, by virtue of the breach of contract, and further that the unethical conduct of the defendant constituted (ostensibly) an independent wrong. It is manifest that Stern himself is uncertain of the nature of the injury, as is indicated by the concluding sentence of his brief: "Certainly, there is some relief in the law for so obvious a wrong as was done to Stern by this defendant."

The contention that Stern can recover "special damages" by virtue of the alleged breaches of contract is untenable. It has been demonstrated that he has no enforceable rights under the contract. It follows that he can have no collateral or incidental rights flowing therefrom. When the assignment was completed the defendant's obligations to Stern ceased. Stern has offered no legal precedents upon which to support his argument in this respect, and I have been able to find none. I hold that no special damages can arise out of the contract in favor of Stern, who is not a

party thereto with rights presently enforceable.

Considering the second cause of action as sounding solely in tort, I find it equally insufficient. No duty independent of contract has been pleaded and from the allegations I cannot conceive of any. It might be different if defendant was accused of slandering the plaintiff Stern, or of making false and misleading statements concerning him. An examination of the asserted unethical and unfair conduct, however, fails to show any acts of that or similar nature. No other theory suggests itself and hence I hold that no cause of action is stated.

The motion to dismiss as to plaintiff Stern is granted on both causes of action, with leave to him to file an amended pleading on the first cause of action only if, in fact, the contracts reserved to him rights thereunder capable of enforcement.

The motion to strike out certain portions of the complaint is disposed of as follows: subdivisions "b" and "k" of paragraph Sixth—denied because these allegations are connected with subdivisions "a" and "c" of paragraph Eleventh and together proof of these matters may be of materiality on the question of breach of contract.

Paragraph Ninth—granted. The identity or distinction between the individual and corporate plaintiffs is immaterial in view of the dismissal of the complaint as to Stern.

Paragraph Tenth, first sentence—denied because material on the question of damage.

Paragraph Eleventh, subdivision "a"— denied. This allegation may be material as to whether the covenant in the contract to "cooperate" was breached.

Paragraph Eleventh, subdivisions "b", "e" and "h"—granted as not material allegations.

Paragraph Eleventh, subdivision "q"— denied because the proof may be material on the question of breach, on the theory that the refusal was arbitrary, wilful and in reckless disregard of the covenant to cooperate to the mutual advantage of the parties.

Paragraph Eighteenth, Nineteenth and Twentieth—denied. These relate to the second cause of action which has been dismissed.

It is well settled now that under Rule 12 (e), Federal Rules of Civil Procedure, bills of particulars are allowed only to ascertain facts in order to make a responsive pleading, and not to prepare for trial. Steingut v. Guaranty Trust Co. of New York, D.C., 1 F.R.D. 723. The motion for a bill will be granted to the extent of Items 1(a), 3 and 6(h). I think that on a complaint like the one at bar defendant is entitled to know, for the purpose of preparing his answer, whether the particular contracts or notices which form the crux of the case are in writing or are oral, and in either event, to secure a copy or the substance thereof in order to frame its answer. In all other respects the motion for a bill is denied.

The motion for leave to take plaintiff's deposition before answer, which was in the alternative to the motion for the bill, is denied.

Settle orders on notice.