## FITZGERALD v. KRISS et al.

No. 3555.

United States District Court
N. D. New York.

Submitted Jan. 14, 1950.

Decided Jan. 20, 1950.

52

David Scribner and Arthur Kinoy, New York City, Marshall Perlin, Schenectady, N.Y., for plaintiff. Arthur Kinoy, New York City, of counsel.

John Braun, Dante M. Scaccia, Albany, N. Y., for defendants.

BRENNAN, Chief Judge.

This is a equity action in which injunctive relief is the principal prayer of the complaint.

Plaintiff has applied for a temporary injunction, and upon the return of the order to show cause issued upon that application the defendants, Kriss and Fiorillo (other named defendants were not served), appeared through their attorneys, raised the question of the jurisdiction of this Court, and moved to dismiss the complaint. The questions raised and the motions made were taken under advisement and should be determined prior to any action on the part of this Court with reference to, the application for a temporary injunction.

In order to determine same, it is necessary to explore the nature of the action and the status of the parties thereto.

This action is one of a series of actions now being maintained both in state and federal courts throughout the country, and the background is furnished by the expulsion of the United Electrical, Radio & Machine Workers of America (UE), hereinafter referred to as "UE", from the Congress of Industrial Organizations at its national convention a few months ago.

UE is a national labor organization made of many area units called "Locals", the members of which are engaged primarily in the manufacture of electrical and radio equipment and supplies.

The plaintiff, Albert J. Fitzgerald, is a citizen of the State of Massachusetts, and president of UE, above referred to.

Local 301, hereinafter referred to as the "Old Union", is one of the units of UE, above referred to, with its headquarters at Schenectady, New York, and its membership is composed primarily of employees of the General Electric Company in that city, who for the most part are residents of that area and citizens of the State of New York. It is affiliated with the national organization (UE) and received its charter therefrom about 1936. Its affiliation is accomplished through the charter, the UE constitution, its own constitution which, together with the appropriate by-laws, make up the contract between the UE and the local organization.

On or about November 18, 1949, it is alleged that a new organization known as "Local 301, International Union of Electrical, Radio & Machine Workers" hereinafter referred to as the "New Union", was established at Schenectady, New York; that its purpose was similar to that of the existing local, and that its membership was drawn from the same class of employees. In other words, it is a competing labor organization with the apparent ultimate object of representing the employees of the General Electric Company at Schenectady, New York, and promoting their welfare insofar as labor conditions are concerned.

The pleadings, arguments and briefs unduly complicate what should be a rather simple litigation. The action is brought to restrain the New Union from the use of its present name, which it is claimed conflicts with the name of the existing Old Union, with resulting confusion and deception. The action is based in tort and it not unlike an action brought to restrain the use of a trade name which conflicts with a trade name already in active use.

The defendants move first to strike from the complaint all of the allegations contained therein which allege or refer to violations regarding the use of the name "United Electrical, Radio & Machine Workers of America" or the designation "UE", upon the ground that in a prior action pending in the United States District Court for the Eastern District of Pennsylvania, entitled, Fitzgerald v. Block, D.C., 87 F. Supp. 350, a decision was rendered in the matter of an application for a temporary

injunction which in substance decided that the use of the name "International Union of Electrical and Radio Machine Workers" did not conflict with the name "United Electrical, Radio & Machine Workers of America (UE)". While it would be unfortunate if several different courts arrived at different conclusions in the matter of the use of the name, the motion to strike will be denied since, if the merits are to be determined, the full name must be considered for the reason that confusion in the similarity of names may arise in the consideration of the names as a whole, and not necessarily by the consideration of the terms making up its component parts.

The defendants next move to dismiss the action upon the ground that Albert J. Fitzgerald, or the UE which he represents, is not the real party in interest; that he does not fairly or properly represent the class of persons he assumes to represent herein; and consequently the necessary diversity of citizenship does not exist to support this Court's jurisdiction. Such grounds for dismissal are entwined with the additional grounds that the Old Union and the New Union are indispensable parties, are not named as parties herein, and that the amount in controversy is not in excess of $3000, as required by law as a basis of this Court's jurisdiction.

■ The grounds above referred to raise serious questions which have been briefed at length by counsel and have been the subject of research and examination by the Court. That the action be brought by the real party in interest has its basis in the requirement of Rule 17(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The requirement of the rule may be variously described, but in substance it requires that the action be prosecuted in the name of the person who by the substantive law has the right sought to be enforced. 3 Moore's Federal Practice 1305. See also D. L. Stern Agency v. Mutual Benefit Health and Accident Ass'n, D.C., 43 F. Supp. 167; McWhirter v. Otis Elevator Co., D.C., 40 F.Supp. 11; Price & Pierce v. Jacka Great Lakes Corp., D.C., 37 F.

Supp. 939. A liberal construction of the requirement must be given, and no question is raised as to the existence of the right sought to be protected or enforced herein.

■ The inquiry is then directed to the determination of the nature and extent of the rights in the name of the Old Union which are owned by the UE or in which it has a substantial interest. The problem is discussed by Judge Nevin in the action of Fitzgerald, etc. v. Elsner,[1] decided November 9, 1949, in the Western Division of the District Court for the Southern District of Ohio. Fitzgerald, as president and representative of UE, brought that action, which apparently involved the moneys, property and assets of a local which occupied the same position as that occupied by the Old Union in the present litigation. The Judge held in that case that the action could not be maintained by Fitzgerald since the interest of the organization which he represented was not such as to bring it within the provisions of the rule. A similar conclusion would seem to be more clearly required in the instant case, insofar as the plaintiff's right to maintain the action as the representative of the UE is concerned. Here, only the right to the use of the name of the Old Union is involved, or one so similar as to cause confusion. The control or ownership of the physical property is not in issue. Without doubt the national organization has interests in the Old Union which is one of its affiliates. Examples of same are indicated in the constitution and are referred to in Judge Nevin's decision. They need not be repeated here. It is sufficient to say that such excerpts referred to do not deal with the name of the local which is the sole issue in this controversy. It may be true that any confusion resulting in the use by the two Schenactady organizations of names claimed to be similar and confusing will eventually be felt by the national organization; the primary impact, however, is upon the Old Union. It would appear that the designation "Local 301" was made by the terms of the charter issued by UE in 1936. The interest of the UE in the des-

1. No opinion for publication.

ignation was entirely granted by the charter to the Old Union; the UE only retained the right to revoke the charter under the conditions set forth in the constitution. It is noted that the constitution of the Old Union, which is attached to and made part of the complaint, in Article 1, Section A, provides "This organization shall be known as the "United Electrical, Radio & Machine Workers of America, (UE) Local 301". Article XXVI of the same constitution provides for amendments thereto by the action of the local membership, subject to the approval of the national organization. It is, therefore, apparent that the ownership of and primary power to control the name of the local is vested in its membership rather than in the national organization. It would seem to follow that injury to that name warranting injunctive relief is the primary concern of the local membership. The power to revoke and the power to veto confer at the most only contingent rights of ownership.

The conclusion is reached that the United Electrical, Radio & Machine Workers of America, (UE), is not the real party in interest in the subject matter of this litigation and, therefore, its representative, Albert J. Fitzgerald, is not such a real party in interest as would warrant the maintenance of this action.

There remains to be considered the status of the plaintiff as representative of the members of the Old Union. It is the Court's opinion that the real controversy here over the use of the name is actually between the Old Union and the New Union. They are the real parties in interest here. They are both unincorporated associations. They may sue and be sued under the provisions of Sections 12 and 13 of the General Associations Law of the State of New York. McKinney's Consol. Laws, c. 29. In this action, however, Fitzgerald seeks to maintain same as a representative of the Old Union in a class suit under the provisions of Rule 23 of the Federal Rules of Civil Procedure.

One of the primary requirements of a class suit is that the representative maintaining the action be a member of the class which he seeks to represent. Rule 23 (a), supra; Clark v. Chase Nat. Bank of City of New York, D.C., 45 F.Supp. 820; Molina v. Sovereign Camp W. O. W., D.C., 6 F.R.D. 385; Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22, 132 A.L.R. 741. Concededly Fitzgerald is not a member of the Old Union at Schenectady. His rights to a voice in its affairs are based entirely upon his membership in the UE and the office held by him therein. The law contemplates that the interest of a representative in a class action must be similar to that of the class he represents. Here, the class have the ownership of the name of the local and are entitled to its use and benefit. The matter involved in the litigation concerns the use of that name. Nowhere is there pointed out, nor is the Court able to find, any evidence in the pleadings or affidavits before the Court that Fitzgerald is in such a position as to make him a representative of the Old Union's membership and he, therefore, may not maintain this class action.

Since there is no contention that Fitzgerald as an individual may maintain this action, this decision might end with the above conclusions since in substance they amount to a holding that the plaintiff is not entitled to maintain this action in any of the capacities in which he sues. It is deemed advisable, however, to refer briefly to the remaining contentions raised by the moving parties.

No extended discussion is necessary to come to the conclusion that both the Old and the New Unions are indispensable parties to this action. It is their names that are affected, and any possible confusion resulting from the present use thereof reacts directly upon them. Any relief afforded directly involves their action in the conduct of their affairs. The rights then of the parties can not be completely adjudicated without the presence of each of the locals as parties to this litigation. The Court has already found that the Old Union is not a party to this litigation by reason of the fact that Fitzgerald is not a member thereof, and his representation is not legally effective.

The New Union is not named as a party in this action either as an unincorporated association or through its representative in a class suit. The allegations of the complaint indicate (especially Paragraph "5") that it was intended to make the New Union, through Kriss as its representative, a party defendant. The title of the action as it appears in the summons and pleadings, however, is indicative of an attempted action against a national organization as distinguished from a local unit. There is no allegation or proof that Kriss is a member of either organization. He, therefore, is not such a representative as would give this Court jurisdiction over either. That Kriss is a former member of the Old Union adds nothing to his status as a representative of the New Union; in fact, it shows a circumstance which would adversely affect his representation of its new rival. Such a situation lends itself readily to a collusive arrangement whereby a member of one organization could withdraw therefrom and by a prearrangement become the representative of a class against which an action is contemplated.

From a practical standpoint there seems to be no reason why these two unincorporated associations should not litigate their dispute in their own names as authorized by the laws of the State of New York.

The motion to dismiss the complaint is granted, and the application for a temporary injunction falls.