Earl KNUDSEN, Appellant,

v.

The TORRINGTON COMPANY,
Appellee.

No. 128, Docket 24756.

United States Court of Appeals
Second Circuit.

Argued Jan. 8, 1958.

Decided April 18, 1958.

Bruce W. Manternach and Lee C. Fielden, Hartford, Conn. (Robinson, Robinson & Cole, Hartford, Conn., W. Gregg Kerr, Jr., William Y. Rodewald and Smith, Buchanan, Ingersoll, Rodewald & Eckert, Pittsburgh, Penna. on the brief), for appellant.

Greene & Cook, Torrington, Conn. (John H. Cook, Torrington, Conn., on the brief), for appellee.

Before HINCKS, LUMBARD and WATERMAN, Circuit Judges.

LUMBARD, Circuit Judge.

The sole question on this appeal is whether plaintiff's complaint was properly dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, 28 U.S.C.A. for failure to state a claim upon which relief could be granted. Chief Judge Smith of the District Court of Connecticut granted the motion on the ground that the complaint disclosed that the plaintiff was claiming under a sales agency contract assigned to him by a partnership and that such a contract, being personal in nature, terminated on dissolution of the partnership.

Plaintiff alleges that he and two others formed a partnership on November 1, 1943 under the firm name of Industrial Specialties Co. for the purpose of carrying on a general sales, engineering, and industrial expediting business. On December 12, 1945 this firm contracted with the defendant to act as defendant's sales agent in specified territory and promised to "give * * * as good coverage in (the) Pittsburgh territory as (it) can devote to the sale of special metal parts. * * *" The contract could be cancelled on 90 days written notice by either party. It is further alleged that the partnership was dissolved on November 30, 1955 and the rights under the partnership vested in the plaintiff. Plaintiff notified defendant of the assignment and demanded that the Torrington Company perform under the terms of the agreement, "particularly as to the payment of commissions earned." This demand was refused. The amount of commissions due is averred to exceed $3,000.

To this complaint defendant interposed a motion under Rule 12(b)(6), Federal Rules of Civil Procedure, to dismiss for failure to state a claim upon which re-

lief can be granted. In granting this motion Judge Smith noted that Pennsylvania law controlled the operation of the contract and that under Pennsylvania decisions contracts requiring a particular skill or relationship terminate when the skill or relationship no longer exists.[1] Although he conceded that the Pennsylvania courts had never determined whether a sales agency contract with a partnership was personal in nature, he held that the "almost universal" rule was to that effect. Referring to the "good coverage" clause, he also stated:

> "The selling 'coverage' bargained for obviously depended on the energy and skill of the members of the partnership. Different personnel in the partnership would at least change the quality of the coverage and clearly the efforts of one of the three partners would be materially different. When the other two partners withdrew from the firm, the operation of the contract ceased."

Accordingly, Judge Smith dismissed the complaint.

■ We are faced at the outset by the fact that the complaint does not differentiate between commissions on orders placed and filled before the termination of the partnership, on orders placed but not filled prior to dissolution, and orders placed after the assignment of the contract to the plaintiff. To the extent that the partnership had performed under the contract the right to receive compensation was assignable and the defendant was obligated to pay over to the assignee what became due to the partnership. Hoover for Use of Angeletti v. Paterni, 1940, 140 Pa.Super. 211, 13 A.2d 914. This would be so even though the right to commissions did not become absolute until the defendant had delivered merchandise, after dissolution of the partnership, in conformity with the prior order. Hentges v. Wolff, 1953, 240 Minn. 517, 61 N.W.2d 748; Lord v. Wapato Irrigation Co., 1914, 81 Wash. 561, 142 P. 1172. Regardless of whether the duties under the contract were delegable, the plaintiff was entitled to receive commissions for orders obtained by the partnership and subsequently filled. The defendant was free to plead payment or raise other defenses, but it had no right to dismissal of the complaint.

■ To the extent that the plaintiff sues for commissions allegedly owing on orders procured after the termination of the partnership, a different problem is presented. In its resolution we are mindful that a " * * * complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." 2 Moore, Federal Practice 2245 (2d Ed., 1948). See Nagler v. Admiral Corp., 2 Cir., 1957, 248 F.2d 319; Dioguardi v. Durning, 2 Cir., 1944, 139 F.2d 774.

In his brief plaintiff asserts that he can prove facts which tend to show that personal performance by all of the partnership partners was not contemplated and hence that the contract was not so personal in nature that it ceased when the original partnership ceased. He states that the original partnership was formed in 1943, that the agency agreement was entered into in 1945, and that when one of the three partners withdrew in 1946 the defendant said nothing.[2] Plaintiff further asserts that of the two remaining partners he was the "brains" of the outfit, that the retiring partner had never had any particular competence in the field, that in 1945 when the partnership was established plaintiff was the only partner with any financial standing, and that it was he who provided the necessary capital. Other factors he urges upon us are that of the 115 customers at the time the second partner

1. In re Stormer's Estate, 1956, 385 Pa. 382. 123 A.2d 627; In re Book's Estate, 1929, 297 Pa. 543, 147 A. 608; Young v. Gongaware, 1922, 275 Pa. 285, 119 A. 271; Walker v. Mason, 1922, 272 Pa. 315, 116 A. 305.

2. Cf. Denton v. Brocksmith, 5 Cir., 1924, 299 F. 559.

withdrew in 1955 the retiring partner had called on but one, that solicitation had been conducted by a staff of four salesmen who gave "good coverage," and that any competent group of hired salesmen could have performed the tasks involved. A further consideration is that since the partnership was never indebted in any amount to the defendant, extension of credit is not a factor.

■■ We agree with plaintiff's conclusion that he should be allowed to go to trial on the issue of whether he could carry on this sales agency contract as the surviving partner, but for different reasons. This contract creates an agency and therefore we think that it is necessarily personal in nature. Duties under a personal contract are delegable, however, if the obligee or principal can be said from all the circumstances to have assented to such delegation.

■ The personal nature of an agency contract arises as an incident of the legal relationship. An agent may be an independent contractor, not subject to control in the manner in which he performs his duties, but he is an agent nevertheless, and from this agency relation flow certain legal consequences. The fact of the relation implies a promise to use care and skill and imposes fiduciary obligations of loyalty and obedience not normally present in other bilateral agreements. See Commonwealth v. Minds Coal Mining Corp., 1948, 360 Pa. 7, 60 A.2d 14. Because in fact the agency relationship is normally grounded on the trust and confidence the principal places in his agent, the law has come to impose these personal obligations and duties of the agent and to look upon the relationship as being personal in nature as a matter of law. As a consequence agency duties ordinarily cannot be delegated by the assignment of the contract without the express or implied authority of the principal, see Wetherell Bros. Co. v. United States Steel Co., 1 Cir., 1952, 200 F.2d 761; 4 Corbin, Contracts, § 865 (1951); 10 A.L.R. 653, or by the substitution of another, where the duties involve any personal discretion, skill or

judgment. See Brown v. Mt. Holly Nat. Bank, 1927, 288 Pa. 478, 136 A. 773; Restatement, Agency, § 78 (1933).

■ Since attempts to delegate the duties of a contractual agency have generally arisen in situations where a party has sought, as here, to continue the contract after dissolution of a partnership, the prohibition against delegation has often been phrased in terms of the proposition that the dissolution of a partnership acting as an agent terminates the agency. See Egner v. States Realty Co., 1947, 223 Minn. 305, 26 N.W.2d 464, 170 A.L.R. 500, 512; Meysenburg v. Littlefield, C.C.E.D.Mo., 1905, 135 F. 184; 40 Am.Jur., Partnership, § 267. But we cannot agree that this proposition of law should govern all cases, and we are of the opinion that it should not control here.

It is one thing to say that an agency contract is personal in nature and that agency duties ordinarily cannot be delegated even to a competent substitute without the express or implied authority of the principal. It is another thing to say that the withdrawal of a partner terminates all partnership agency contracts. The latter proposition depends on the view that withdrawal of a partner dissolves the partnership and that therefore any organization resulting from the dissolution is as much a stranger to the principal as an organization completely unrelated to the prior partnership. We think such a conclusion unwarranted and unrealistic. Indeed, courts which have held that dissolution terminates the agency have generally done so only after a careful development and analysis of the facts which indicated that the assignee was in fact substantially different from the prior agent. See e. g. Egner v. States Realty Co., supra; Paige v. Faure, 1920, 229 N.Y. 114, 127 N.E. 898, 10 A.L.R. 649.

■ Delegation of duties is proper if the principal authorizes, expressly or by implication, the performance by another. Thus there is an implied authorization to delegate ministerial duties or those generally understood to be dele-

gable by custom. See Restatement, Agency, §§ 78, 79 (1933). We believe there is an implied authority arising from the contract to delegate duties when the delegation results from changes in the form of the business organization or in personnel who make up that organization and the changes do not tend to defeat the considerations which the principal had in mind in selecting this agent. Cf. Wetherell Bros. Co. v. United States Steel Co., supra; Carlock v. La Salle Extension University, 7 Cir., 1950, 185 F.2d 594.

If a principal contracts with a corporation, he contemplates a changing personnel. It is equally apparent that partnership personnel will not remain static. If the person or persons whom it was understood would be the dominant members of the firm and on whom the principal would rely choose to continue the enterprise, it is immaterial that the prior agency was organized as a partnership rather than in corporate form and that the partnership has dissolved. Cf. Walker v. Mason, 1922, 272 Pa. 315, 116 A. 305. To determine whether or not there was an implied authority the determinative question is not whether the contract is generally assignable. Rather, the court must view both the considerations underlying the appointment of the assignor and the nature of the assignee to determine whether the surviving organization is such a change from the assignor as to be beyond the contemplation of the principal in making the original appointment. We think that a factual determination is required by Pennsylvania law, as the courts have indicated a willingness to allow delegation freely, see e. g. In re Stormer's Estate, 1956, 385 Pa. 382, 123 A.2d 627. Furthermore, such determination is consonant with commercial reality. Even though the agency contract is personal in nature, in a survivorship situation the survivor may show that the principal is getting substantially what he bargained for.

For these reasons the plaintiff was entitled to trial of the issue of delegation of the contract duties to him, as well as the opportunity to prove what might be due as past commissions. It was error to dismiss the complaint.

Reversed.