Saul S. Streit, J.
This is a motion to vacate an arbitrator’s award which directed that petitioner’s employees be members of Local 32B of the Building Service Employees International Union.
The collective bargaining agreement, pursuant to which the award was made, was between petitioner ‘ ‘ and its assigns ’ ’ and Local 32K of the international union. It contained no provision permitting Local 32K to assign the agreement. As of October 1, 1961, Local 32K was merged and consolidated with Local 32B and ceased to exist. Nevertheless, on March 22, 1962, a demand was made, by an attorney purporting to represent Local 32K, for arbitration of a claim that petitioner was employing persons who were not members of Local 32K. The arbitration resulted in an award directing petitioner to employ only members of Local 32B.
Petitioner claims that he never consented to the assignment of the collective agreement by Local 32K to Local 32B.
Respondent, Local 32B, on the other hand, contends that by participating in the arbitration, petitioner waived his right to claim that there was no valid contract for arbitration between the parties.
If the demand for arbitration had been made by Local 32B and had sought to compel petitioner to employ only members of Local 32B, it might well be that petitioner, by participating in the arbitration, forfeited his right to claim that he was not *710 obligated to arbitrate a dispute with Local 32B. In view, however, of the fact that the arbitration was demanded on behalf of Local 32K, with which petitioner was contractually obligated to arbitrate, and demanded that petitioner employ members of Local 32K, petitioner’s waiver, if any, applied only to Local 32K. Petitioner could not have anticipated that a demand that he employ only members of Local 32K could result in an award that he employ only members of Local 32B. He did not, therefore, waive his right to object to the award directing him to employ only 32B members.
A contract for the rendition of personal services is not ordinarily assignable in the absence of an express provision therein to the contrary (Paige v. Faure, 229 N. Y. 114, 117, 118, 119), This was indicated in the opinion of Mr. Justice Valeste, in Building Serv. Employees Int. Union v. Pinkerton’s Nat. Detective Agency (decided Sept. 25, 1950), cited by respondent. It was only because “ there was no change of membership ” that the court granted the motion to compel arbitration. The court declared that if the assignee organization’s membership had not been identical with that of the assignor ‘1 there might be ample basis for the contention of respondent that the assignee could not enforce the contract ”.
In the instant case, however, the membership of Local 32B is not the same as that of Local 32K. The members of Local 32B include not only the former members of Local 32K but also all those who had never been members of Local 32B prior to the merger. Petitioner had never entered into a contract obligating him to employ any of the latter.
Since the award directed petitioner to employ members of Local 32B, which petitioner was not contractually obligated to do, and was not in accordance with the demand for arbitration, which sought to compel employment of members of Local 32K, the motion to vacate the award is granted on the ground that the arbitrator exceeded his powers.