**Frank D. FORD, t/a Ford and Costello Agency, Appellant,**

**v.**

**The LAFAYETTE LIFE INSURANCE COMPANY, Appellee.**

**No. 19936.**

United States Court of Appeals District of Columbia Circuit.

Argued May 9, 1966.

Decided May 20, 1966.

---

Mr. Norman H. Heller, Washington, D. C., for appellant.

Mr. Stephen A. Trimble, Washington, D. C., with whom Mr. William A. Glasgow, Washington, D. C., was on the brief, for appellee.

Before DANAHER, Circuit Judge, BASTIAN, Senior Circuit Judge, and WRIGHT, Circuit Judge.

## PER CURIAM.

Appellant and Joseph Costello, operating under their partnership name as the Ford and Costello Agency, were appointed by the appellee insurance company to be its "Regional Directors" for the State of Maryland, Washington, D. C., and the northern part of Virginia. The Regional Directors agreed "to assume full responsibility for appointing, training and supervising General Agents and Agents" in their territory. As full payment for prescribed services, certain bonus payments were provided for by the contract. Pursuant to the partnership agreement, Costello notified appellant that he was withdrawing from the partnership on November 14, 1961. Thereafter the appellee declined to make such bonus payments to Ford, who thereupon commenced this action. This appeal is from the District Court's dismissal of appellant's complaint insofar as its demand for relief is predicated on continuation of the regional directors agency agreement after November 14, 1961.

The parties agree that the contract is governed by the Uniform Partnership Act as applied in Indiana. In Indiana, as elsewhere, a "change in the relation of the partners caused by any partner ceasing to be associated" dissolves the partnership. 10 BURNS, ANNOTATED INDIANA STATUTES § 50–429 (1951), 7 UNIFORM LAWS ANNOTATED, PARTNERSHIP § 29 (1949). Dissolution brings to an end the ordinary business of the partnership including insurance agency agreements except, in certain circumstances, where the agency contract has been assigned by the partnership to the surviving partner or partners and the insurance company may be said to have consented to the assignment.[1] Here, since there was no assignment of the agency contract by the partnership, dissolution thereof terminated that contract. Even if the agency agreement were held to be with appellant and his partner jointly and not the partnership, the result would be the same. See Rowe v. Rand, 111 Ind. 206, 12 N.E. 377 (1887); RESTATEMENT, SECOND, AGENCY § 41(2) (1958); MECHEM, OUTLINES OF THE LAW OF AGENCY § 80 (3d ed. 1923).

Affirmed.

---

1. See Knudsen v. Torrington Company, 2 Cir., 254 F.2d 283, 286–287 (1958); Egner v. States Realty Co., 223 Minn. 305, 26 N.W.2d 464, 170 A.L.R. 500 (1947).

The courts of Indiana have not had occasion to pass on the question presented here under the Uniform Partnership Act.