**DISTRICT OF COLUMBIA,**
Petitioner,

v.

**Julius ORLEANS, Trustee, Arnold Orleans, Trustee, and Mervyn I. Aronoff, Trustee, Respondents.**

No. 21667.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 25, 1968.

Decided Nov. 13, 1968.

Mr. Robert C. Findlay, Asst. Corporation Counsel for the District of Columbia, with whom Messrs. Charles T. Duncan, Corporation Counsel, Hubert B. Pair, Principal Asst. Corporation Counsel, and Henry E. Wixon, Asst. Corporation Counsel, were on the brief, for petitioner.

Mr. C. Richard Beyda, Washington, D. C., for respondents.

Before BAZELON, Chief Judge, and MC-GOWAN and LEVENTHAL, Circuit Judges.

LEVENTHAL, Circuit Judge:

■ Our ruling on the primary issue in this case is that the exemption from the D.C. deed recordation tax provided for "deeds between parent and child"[1] made without consideration, is applicable to a conveyance of real property made by parents to trustees under a trust they established for the benefit of their children. We therefore affirm the judgment of the D.C. Tax Court which ordered refund to respondents of the recordation tax assessed.

■■ The District contends that the statutory exemption language applies only to an outright conveyance from parent to child, and is inapplicable to a conveyance in trust. It invokes the maxim that exemptions are to be strictly construed. Legal formulae are likely to be valid only as generalizations, as indicators of how the bulk of cases will be decided, rather than as precise instruments of decision of a particular case. Canons of statutory construction in particular are often useful only as a crude guide to the legislative intent. The precept of strict construction of tax exempt provisions has vitality for doubtful cases, but it may not be properly used to defeat the purpose of the legislature.[2] Here the force of the maxim is outweighed by the clear manifestation of legislative purpose that the recordation tax is not applicable to conveyances from parents to children, that have no "actual" consideration.[3] To construe this provision as inapplicable whenever conveyances are made in trust form would virtually nullify the exemption so far as minor children are concerned. Use of trustees for making gifts of real property to minor children is not only routine, but is virtually a necessity, possibly in legal contemplation and in any event in terms of commercial realities. What lawyer would counsel a client to execute a lease from or mortgage loan to a minor owning real estate?

■ The court's effort must be to discern dispositive legislative intent by "projecting as well as it could how the legislature would have dealt with the concrete situation if it had but spoken."[4] If the question now before us had been expressly brought up before the legislators, it seems to us beyond doubt that they would plainly have said that their broad purpose was to exempt from this tax gifts from parents to children, and that this was applicable to gifts in trust.

A committee undoubtedly strives to avoid ambiguities insofar as feasible, and may even insert verbiage out of an abundance of caution. But it would be self-defeating to pursue this ad infinitum, or to suppose that the legislature must be required to load up the statute books with extra wording because it could not depend on the courts to decide cases in accordance with its discernible purpose.

■ Consideration of the legislature's policy may occasionally have to

1. See D.C.Code 45–722 (1967) : "The following deeds shall be exempt from the tax imposed by this chapter * * * 7. Deeds between husband and wife, or parent and child, without actual consideration therefor."

2. Conference of Major Religious Superiors of Women, Inc. v. District of Columbia, 121 U.S.App.D.C. 171, 348 F.2d 783 (1965) ; District of Columbia v. Mount Vernon Seminary, 69 App.D.C. 251, 100 F.2d 116 (1938).

3. We take it the statute refers to situations where there is no consideration in terms of money or property of financial value, as contrasted with consideration that is recited nominally or pro forma, and of course as contrasted with whatever consideration is derived by the parent through satisfaction of emotional drives.

4. City of Chicago v. FPC, 128 U.S.App. D.C. 107, 113, 385 F.2d 629, 635 (1967).

yield in a case where the statutory language is so emphatic that it cannot be by-passed—although the "plain meaning" doctrine has always been subservient to a truly discernible legislative purpose however discerned,[5] by equitable construction or recourse to legislative history.[6] But we need not pursue the issue as to when "plain" language must yield, for here the language is not sufficient of itself, without assistance through the maxim of strict construction, to propel us to the result sought by the government. On the contrary, insofar as normal usage is concerned many if not most would say that a father gave—or transferred,[7] etc. —an apartment building to his son even though the actual device used was a trust instrument, with transfer of legal ownership postponed for a time during which income went or accrued to the child. And so far as legislative usage is concerned, it may not be irrelevant to refer to the statute passed by Congress, outside the field of real property, making the Uniform Gifts to Minors Act applicable in the District.[8] The term "gifts to minors" was readily used by Congress to define a transaction by conveyance to the minor's custodian, who is of course a kind of trustee.

The District notes that respondents' children might die prior to termination of the trust (when the youngest child becomes 25), and then under the trust the property, going to the heirs of the child (other than donors), might go to persons other than donors' children. The D.C. Tax Court held the probability of this contingency not sufficiently important to defeat the exemption in this case.

■ We are content with that formulation at least where, as here, the District's battle cry has been a blanket denial of exemption to all conveyances in trust, and there has been neither regulation nor administrative policy formulating an approach to the vexing problems of definition and valuation that would be involved in taxation of contingent interests.

■ The "de minimis" doctrine that was developed to prevent trivial items from draining the time of the courts has room for sound application to administration by the Government in its regulatory programs[9] and in its fiscal and revenue programs.[10]

Affirmed.

---

5. Holy Trinity Church v. United States, 143 U.S. 457, 12 S.Ct. 511, 36 L.Ed. 226 (1892); *see also* Sorrells v. United States, 287 U.S. 435, 446, 53 S.Ct. 210, 77 L.Ed. 413 (1932).

6. United States v. American Trucking Ass'n, 310 U.S. 534, 546–549, 60 S.Ct. 1059, 84 L.Ed. 1345 (1940); District of Columbia Nat'l Bank v. District of Columbia, 121 U.S.App.D.C. 196, 198, 348 F.2d 808, 810 (1965).

7. The essence of what Congress intended to cover—embraced by the term "deed," in the case of land, and terms like "gift"

or "transfer," as to all property—is a completed, irrevocable "conveyance" of an interest of the grantor as contrasted with a promise or contract (to transfer in the future) or will (that purports to transfer at time of death). *See generally* 23 Am. Jur.2d Deeds §§ 1–7, at 79–84 (1965).

8. D.C.Code 21–301 *et seq.* (1967).

9. *Cf.* Permian Basin Area Rate Cases, 390 U.S. 747, 785–787, 88 S.Ct. 1344, 20 L.Ed.2d 312 (1968).

10. *Cf.* Carmichael v. Southern Coal & Coke Co., 301 U.S. 495, 510–511, 57 S.Ct. 868, 81 L.Ed. 1245 (1937).