**DUPONT PARK APARTMENTS, INC., et al., Petitioners,**

v.

**DISTRICT OF COLUMBIA, Respondent.**

**DISTRICT OF COLUMBIA, Petitioner,**

v.

**DUPONT PARK APARTMENTS, INC., et al., Respondents.**

Nos. 18881, 18889.

United States Court of Appeals District of Columbia Circuit.

Argued March 12, 1965.

Decided March 25, 1965.

Petition for Rehearing En Banc Denied May 5, 1965.

Mr. Werner Strupp, Washington, D. C., with whom Mr. Nathan Sinrod, Washington, D. C., was on the brief, for petitioners in No. 18881 and respondents in No. 18889.

Mr. Henry E. Wixon, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, and Milton D. Korman, Principal Asst. Corp. Counsel, were on the brief, for petitioner in No. 18889

and respondent in No. 18881. Mr. Donald T. Fish, Asst. Corp. Counsel, also entered an apearance for petitioner in No. 18889.

Before BAZELON, Chief Judge, EDGERTON, Senior Circuit Judge, and DANAHER, Circuit Judge.

PER CURIAM:

On January 4, 1963, in the course of liquidation, Dupont Park Apartments, Inc., conveyed to trustees for its stockholders real property of the fair market value of $1,900,000. Any deed recorded in the District of Columbia is subject to a "recordation" tax of ½ of 1 percent of "the consideration for such deed." 76 STAT. 12 (1962), D.C.CODE, Supp. V (1965) § 45–723. Section 45–724 provides that "Where no price or amount is paid or required to be paid * * * the consideration for the deed to such property shall, for purposes of the tax imposed by this subchapter, be construed to be the fair market value of the real property, and the tax shall be based upon such fair market value."

It appears that "no price or amount" was "paid or required to be paid" for the deed. The recordation tax must therefore be based upon the fair market value of the property. We cannot accept the District of Columbia Tax Court's conclusion that, by giving up their equity in what the court described as the realized value" of the real property, $207,335.03, which appeared on the corporation's balance sheet as earned surplus, the stockholders paid that amount for the deed. The Tax Court's decision is therefore

Reversed.