**COLUMBIA REALTY VENTURE,**
**Appellant,**

**v.**

**DISTRICT OF COLUMBIA, Appellee.**

**No. 80–265.**

District of Columbia Court of Appeals.

Argued Feb. 18, 1981.

Decided July 20, 1981.

Richard L. Hubbard, Washington, D. C., with whom Paul S. Berger and Daniel G. Lamb, Jr., Washington, D. C., was on the brief, for appellant.

Richard G. Amato, Asst. Corp. Counsel, Washington, D. C., with whom Judith W. Rogers, Corp. Counsel, David P. Sutton, Asst. Corp. Counsel, James E. Lemert, Deputy Corp. Counsel and Richard L. Aguglia, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, and KERN and NEBEKER, Associate Judges.

KERN, Associate Judge:

Appellant Columbia Realty Venture (Venture) is a limited partnership formed under the laws of the District of Columbia. In 1975, the Venture acquired twelve deeds from the Columbia Realty Trust (Trust), an unincorporated business trust. The deeds conveyed all right, title and interest in various parcels of real property in the District of Columbia from the Trust to the Venture. As part of this transaction, the Venture transferred interests in the limited partner-

ship to the Trust.[1] The Venture also assumed all existing mortgages, liens, and encumbrances on the property transferred to it by the Trust.

Appellant Venture recorded the twelve deeds with the District of Columbia Recorder of Deeds and a deed recordation tax of $73,006.32 was imposed pursuant to D.C. Code 1973, § 45–723.[2] After appellant's protest of the tax was denied by the Department of Finance and Revenue, appellant paid the tax and petitioned for a refund in the Tax Division of the Superior Court. Appellant claimed that the deeds fell within the provisions of D.C.Code 1973, § 45–722(6), which exempt from the tax "[d]eeds which, without additional consideration, confirm, correct, modify, or supplement a deed previously recorded." This appeal follows the trial court's grant of a motion for summary judgment by the District of Columbia.

Appellant contends, in essence, that the deeds which it recorded merely reflected a change in the form of the business that held the property and involved no exchange of consideration. Appellant argues that the deeds confirm, correct, modify or supplement the deeds previously recorded in the name of the Trust in order to indicate the new business form and are therefore exempt from any deed recordation tax. We disagree. We view this transaction as a conveyance or transfer of real property for consideration between distinct legal entities and affirm the decision of the trial court.

Appellant, as a limited partnership, may hold and convey property as an entity separate and distinct from the individuals who hold interest in the limited partnership as either general or limited partners. *See* D.C.Code 1973, §§ 41–307, –403; Crane & Bromberg, On Partnership §§ 3(e)(1), 40(b) (1968); Rowley, On Partnerships, §§ 8.1, 8.3, 25.1 (2d ed. 1960). The deeds acquired by the Venture recorded a passing of title to the limited partnership, not to the general and limited partners.

Likewise, an unincorporated business trust has the legal capacity to acquire and hold property distinct from its individual shareholders. *See* 12A C.J.S. *Business Trusts* § 36 (1980); 13 Am.Jur.2d *Business Trusts* § 55 (1964). Prior to the transfer to the Venture, the deeds involved in this case were recorded in the name of the Trust, not in the names of its individual shareholders.[3]

Since the deeds reflect a conveyance of property from one entity to another they cannot be said to "confirm, correct, modify or supplement a deed previously recorded" as required by the statutory exemption. This transaction involved more than a simple adjustment in an earlier recorded deed. There was a complete change of the lawful owner of the real property, the exact event for which the tax is imposed.

The provision under which appellant seeks an exemption is also not applicable because the deeds were transferred in exchange for consideration. The statutory exemption which appellant seeks applies only to deeds recorded "without additional

---

1. The Trust subsequently dissolved. Individual shareholders of the Trust, upon the Trust's dissolution, received either a *pro rata* distribution of the partnership interests received from the Venture or its cash equivalency.

2. D.C.Code 1973, § 45–723 provides:
   (a) There is hereby imposed on each deed at the time it is submitted to the [Mayor] for recordation a tax at the rate of one-half of 1 per centum of the consideration for such deed. *Provided,* That in any case where application of the rate of tax to the consideration for a deed results in a total tax of less than $1 the tax shall be $1.
   That provision was amended in 1975 to increase the tax rate from "one-half of 1 per

centum" to "1 per centum." The term "deed" in the statute is defined as
   ... any document, instrument, or writing (other than a will and other than a lease), regardless of where made, executed, or delivered whereby any real property in the District of Columbia, or any interest therein, is conveyed, vested, granted, bargained, sold, transferred or assigned. [D.C.Code 1973, § 45–721(c).]

3. As appellant points out in its brief, "the individual shareholders in an unincorporated business trust 'have no title to [its property], either as tenants in common or otherwise, and can neither convey nor encumber it.'" Appellant's Brief at 15–16, (citing Fletcher, 16A Cyclopedia of Corporations § 8241 (1979)).

consideration." Appellant mistakenly emphasizes that the interests held by the shareholders of the Trust before the property conveyance were equivalent in value to the interests held by the participants of the Venture after the transfer. We deem the proper focus instead to be on the consideration which passed from the Venture to the Trust in exchange for the property.

When the Trust conveyed the property to the Venture, the Venture assumed all mortgages, liens and encumbrances on the property. The Trust and its shareholders were then no longer liable for those obligations; the Venture assumed that liability. It has long been recognized that the assumption of the debts of another will constitute consideration and the statute which establishes the deed recordation tax recognizes that form of consideration. D.C.Code 1973, § 45–721(e). *See Commercial National Bank v. McCandlish*, 57 U.S.App.D.C. 378, 23 F.2d 986 (1928).

The Trust also received partnership interests in the Venture. Appellant argues that the partnership interests conveyed do "not represent value separate and distinct from the assets of the Trust." (Appellant's Brief at 10.)[4] Partnership interests are not necessarily equivalent in value to the property assets of a partnership.[5] Partnership interests are personalty representing shares in the profits of the partnership and constitute valuable consideration. *See* 17 C.J.S. *Contracts* §§ 76 n.44, 87 n.43. Indeed, the interests have some value in excess of the Trust shares reflecting the future income potential of the property assets when managed by a new and different business enti-

ty, *viz.*, the benefits obtained from ownership of the property by a partnership.

We emphasize that any consideration beyond merely nominal or *pro forma* consideration will make the exemption in § 45–722(6) inapplicable. *District of Columbia v. Orleans*, 132 U.S.App.D.C. 139, 140 n.3, 406 F.2d 957, 958 n.3 (1968). We believe the Venture's assumption of the Trust's liabilities and conveyance of partnership interests satisfied that threshold sufficiently to conclude that the deeds recorded to reflect the property exchange in this case were not "without additional consideration."

Appellant's theory on this appeal is that the transfer of property to the Venture from the Trust was merely a change in the form of ownership and that deeds representing such a formal, as opposed to actual, change of ownership should not be taxed upon recordation. In support of that argument, appellant first notes that the shareholders of the trust and the holders of the partnership interests in the Venture are essentially the same people. Appellant also notes that the rights and incidents which accompany ownership of shares in the Trust closely resemble the features connected with holding interest in the partnership.[6] From those facts, appellant concludes that only the *form* in which the holders of the beneficial interests in the property chose to conduct business changed, not the ownership of the property.

We decline to adopt appellant's analysis of the property transfer. The deeds which were taxed in this case represent a conveyance of property from one business entity to another. Those entities are legally dis-

---

4. Appellant also claims that the partnership interests "were not given to induce the shareholders' surrender of their shares in the Trust ...." Appellant's Brief at 10. We note that the partnership interests were given to the Trust in exchange for the property and that only *after* the exchange did the shareholders receive the partnership interests, the assets of the Trust at the time of its dissolution. Moreover, consideration to support a contract need not be the inducement for entering into the contract. *E. g.*, 17 Am.Jur.2d *Contracts* § 93 (1964).

5. "A partner's interest in the firm bears roughly the same relation to the firm's property as a share of General Motors stock does to a Chevrolet on the assembly line. One is an ownership interest in the whole business organization; the other is a particular item owned by the organization." Crane & Bromberg, *supra* at 231.

6. There are some differences between the Trust shares and the partnership interests. For example, shares of the Trust were freely transferable while interests in the partnership were subject to restrictions on transfer.

tinct and separate from the individuals who hold interests in and receive benefits from the business conducted. The elements of similarity between the two business enterprises, to which appellant points, are simply not relevant to determining the nature of the property transaction between them; and applying the deed recordation tax on that basis would be both confusing and misleading. Specifically, appellant's approach creates inevitably in our view an endless dispute over how similar or dissimilar the characteristics of two enterprises must be before a transaction between them is viewed as one between two parties rather than a change in business organization.[7]

This case exemplifies the difficulty inherent in appellant's approach of assessing whether a property transfer involves a change of ownership or only of business form. If all the shareholders in the Trust differed from all the interest holders in the partnership, and the Trust transferred property to the partnership in exchange for partnership interest equal in value to the property, there would be no doubt that the deeds recorded in this exchange would be subject to a recordation tax. We are not persuaded there should be a different outcome when two businesses, a trust and a partnership, engage in a similar transaction even though the participants in each of the two businesses are identical. Examining the facts here, *viz.*, the difference of 7% between the participants of the two businesses, a new partnership, a trust which liquidated after the transaction and beneficial interests with ownership traits having

some degree of similarity, merely distracts from recognizing the fundamental transaction of one business entity conveying property to another.

The trustees and shareholders of the Trust and the limited and general partners of the Venture elected to deal with the property involved in this case through unique and specific business enterprises rather than as individuals. The property transactions engaged in by the Trust and the Venture have been and will be made by, and in the name of, those business entities. Those business arrangements generate various advantages for the individual participants, including limited personal liability. *See, e.g.*, Fletcher, 16A Cyclopedia of Corporations, § 8232 (1979); Crane & Bromberg, On Partnership § 26 (1968). Having structured their business affairs in such a manner, the participants must operate consistently and not seek treatment as individuals when that would better suit their interests in a particular setting. It would be inappropriate for this court now to ignore the two business organizations and examine the rosters of individual participants in each of the business entities for purposes of determining the nature of the transaction in this case.

Appellant argues that the District of Columbia Statute pertaining to exemptions from the deed recordation tax should be interpreted by analogy to the practice in other jurisdictions.[8] A number of states do exempt from recordation taxes deeds that are recorded to reflect exchanges of property in connection with a business liquidation,

---

7. The proxy statement issued by the Trust to secure approval of the shareholders for the property transfer in this case listed several "substantially different rights" between the Trust shares and the partnership interests to be received from the Venture. Appellant in its brief stresses the insignificance of those differences and the fact that the same rights and incidents could have been obtained for the Trust shares by amending the Trust charter. The rights and incidents of various means of beneficial ownership are easily manipulated and variously characterized to accomplish different purposes. They would be an inexact

guide for judging the nature of a property transfer and the propriety of applying a deed recordation tax.

8. The legislative history of the District's deed recordation tax does not indicate that any other jurisdiction's practice provided a model or should now provide interpretive guidance. Congress merely recognized that *imposing* a tax on the recording of deeds "is a method of raising revenue which in various forms is in common usage in the states." H.R. Rep. No. 1328, 87th Cong., 1st Sess. 10 (1962); S. Rep. No. 507, 87th Cong., 1st Sess. 10 (1961).

merger, consolidation or reorganization.[9] These exemptions in other states suggest to appellant that the transaction in this case should be similarly exempt from the deed recordation tax. Thus, appellant argues:

> [T]ransfers in liquidation work a much more substantial change in ownership rights than the transfers from the Trust to the Venture, because liquidating transfers vest ownership in the individual shareholders, whereas the Trust's shareholders, after the Trust transferred its property to the Venture, merely held the property through a different business form, with no significant changes in their rights and duties with respect to the property. [Appellant's Brief at 8.]

Appellant's reliance on such statutes is mistaken. In the liquidation example noted, actual legal title to the corporate property passes from the corporation to the shareholder. In this case, legal title passed from the Trust to the Venture, not from the trustees and shareholders of the Trust to the limited and general partners of the Venture. The distinctions between the rights and the duties which attach to shareholder and partnership interests are irrelevant for the purpose of determining the nature of the property exchange. The real property conveyed in this case was held formerly by the Trust, and now by the Venture; it was never held by the particular individuals participating in each of those enterprises.

The statutes of other jurisdictions referred to by appellant are distinguishable from the setting of this case. We are not confronted in this case with any of the examples of property transactions appellant notes are elsewhere exempt from deed recordation taxes. Title to the real property here did not pass from one owner to another by operation of law as is the result with mergers and consolidations, *see* Fletcher, 15 Cyclopedia of Corporations § 7088 (1979), and with liquidations. *See* D.C. Code 1973, § 29–707, 19 C.J.S. *Corporations* § 1730(b), (c). In the case of reorganizations, appellant cites only three states where any exemption is provided for reorganization-related property transactions. We note that the statutory exemptions for reorganization, as well as the other three situations— mergers, consolidations and liquidations— are express. Attempts to expand the statutory exemption at issue in this jurisdiction have been rejected. *DuPont Park Apartments v. District of Columbia*, 120 U.S. App.D.C. 215, 345 F.2d 109 (1965).

In *DuPont*, a deed recordation tax was implicitly approved for deeds reflecting a conveyance of property from a liquidating corporation to the trustee of its shareholders. The only dispute was over the amount of tax owed.[10] We decline in this case to

---

**9.** Appellant cites the following examples in its brief, at p. 7 n.3:

Ariz.Rev.Stat. § 42–1614 (1970) (mergers); Conn.Gen.Stat. § 12–494 (1967) (mergers; deeds from subsidiary to parent in exchange for stock); Del. Code Tit. 30, § 5041 (a)(ii) (1975) (conveyances to or from corporation or partnership if grantor or grantee owns an interest in the corporation or partnership in the same proportion as his or her interest in or ownership of the real estate being conveyed); Ky.Rev.Stat. § 142.050 (1971) (mergers); Me.Rev.Stat. Tit. 36, § 4641 (1978) (mergers; transfers from subsidiary to parent in exchange for parent's stock); Minn. Stat. § 287.21 (1968) (nominal assessment ($2.20) on liquidation transfers from corporation to shareholders, mergers and reorganizations); Neb.Rev.Stat. § 76–901 (1976) (reorganizations); Nev.Rev.Stat. § 375.020 (1977) (exempts transfers of title that recognize true status of ownership); N.Y. [Tax] Law (Consol.) § 1405 (1975) (corporate dissolutions); N.C.Gen.Stat. § 105–228.30 (1972) (mergers or consolidation); Ohio Rev. Code Ann. § 319.54 (Page) (1978) (business reorganizations); Okla.Stat. Tit. 68, § 5101 (1962) (corporate mergers); S.D. Compiled Laws Ann. § 43–4–21 (1969) (transfers in dissolution from corporation to shareholders); Vt.Stat. Ann. Tit. 32, § 960.2 (1970) (liquidating transfers from corporation to shareholders); Va. Code § 58–54 (1974) (corporate liquidations that qualify under Sections 331, 332, 333, or 337 of the Internal Revenue Code of 1954); W.Va. Code § 11–22–1 (1974) (mergers; transfers from subsidiary to parent in exchange for stock); Wisc.Stat. ¶ 77.21 (1957) (mergers; transfers from subsidiary to parent in exchange for stock).

**10.** *DuPont Park* also negates the impact of appellant's references to decisions by courts in other jurisdictions, *viz.*, Maryland, New Jersey and Pennsylvania, which have held that statutes analogous or identical to D.C. Code 1973,

read into D.C. Code 1973, § 45–722(6) an exemption from deed recordation taxes which other states have seen fit to make express and which is not indicated either by the statutory language or by the purpose that the statute clearly serves.

Other deeds which the District of Columbia does exempt from the recordation tax do not indicate that this case qualifies for a similar exemption. Appellant seeks to draw on analogy by reference to two classes of deeds recognized by the District of Columbia Department of Finance and Revenue as exempt from the recordation tax: deeds representing a conveyance from a nominal grantee to the real owner and deeds representing a conveyance to a straw party to effect a change from a tenancy in common to a joint tenancy or some other estate.[11] In each of those settings, actual ownership of the property, in effect, resides in the same legal entity both before and after the transaction. In this case, there was a new and different owner after the conveyance.

We can hypothesize two examples to help elaborate this important distinction. Appellant notes that the shares in the Trust could have been infused with rights and incidents similar to those connected with partnership interests in the Venture merely by amending the Trust's charter. The analogy to the exemption for a change in tenancy or estate would be persuasive that no tax would be imposed on new deeds recorded to reflect the charter amendment. On the other hand, we can also conceive of a setting where an individual transfers property to a corporation of which he is the sole shareholder. In that case, as in this one, deeds representing an exchange of property between two legal entities would be subject to the recordation tax although the participants in the two entities are similar or even identical.[12]

Appellant insists that our view emphasizes the form of the transaction over its substance. On the contrary, appellant's approach emphasizes appearances over the actual nature of the property exchange conducted. Simply because the enterprise conveying the property—the Trust—dissolved, and the grantee—the Venture—remained, and the participants in both business enterprises were similar, the original exchange is not recast into something other than a property transfer between two separate business entities. The deeds reflect more than what the statutory exemption contemplates: The deeds do not merely "confirm, correct, modify or supplement" deeds previously recorded; they reflect that the property is now held by a new owner. That is exactly the type of property transaction to which the recordation tax is intended to apply. Consequently, we affirm the decision of the trial court rejecting appellant's petition for a refund of the tax.

*Affirmed.*

§ 45–722 (6) exempt from recordation taxes deeds evidencing transfers from a corporation to its shareholders in liquidation.

11. The instructions for filing a Claim of Exemption published by the D.C. Department of Finance and Revenue provide the following examples of deeds exempt from the tax pursuant to D.C. Code 1973, § 45–722(6):

(a) Where the grantee named in a recorded deed upon which the applicable tax has been paid acted as a nominal grantee for the sole purpose of holding, on behalf of another person, naked title to the property described in the deed, a deed to such property subsequently executed by the nominee without consideration naming as grantee the person on whose behalf the nominee acted, shall be exempt from tax.

(b) Where the owners of the estate in real property have for the sole purpose of changing their estate, as, for example, in the case of a change from a tenancy in common to a joint tenancy, executed a deed to a nominal grantee holding naked title to the property who, in turn, and without consideration executes a deed to the same owners so as to effect the change of estate desired, the deed so executed shall be exempt from tax.

12. Appellant's analogy to the exemptions in D.C. Code 1973, §§ 45–722(5) & (9), are similarly unpersuasive. Those exemptions refer to deeds representing the imposition or release of a security interest in property. No exchange of ownership is involved. We note that those statutory provisions do not exempt an ultimate property transfer resulting from foreclosure on the property if the debt it secures remains unpaid.