Oliver A. COWAN, Jr., Appellant,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF FINANCE AND
REVENUE, Appellee.

No. 82–579.

District of Columbia Court of Appeals.

Submitted Nov. 30, 1982.

Decided Jan. 5, 1983.

---

Jeffrey M. Frost, Bethesda, Md., was on the brief, for appellant.

Judith W. Rogers, Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, James E. Lemert, Deputy Corp. Counsel, Richard L. Aguglia and Richard G. Amato, Asst. Corp. Counsel, Washington, D.C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, and KERN and TERRY, Associate Judges.

PER CURIAM:

After the District of Columbia Department of Finance and Revenue denied appellant's claim for a refund of a deed recordation tax paid under protest, appellant brought this action claiming that the tax had been erroneously assessed against him. The trial court granted summary judgment in favor of the District, and this appeal followed.

Appellant had joined three other individuals in 1972 to form the Lynwood Limited Partnership. As of October 24, 1979, however, the partnership interests of all the other partners had been assigned to appellant, in order to terminate the partnership; and the partnership was thereby dissolved. *See Ford v. Lafayette Life Insurance Co.,* 124 U.S.App.D.C. 140, 362 F.2d 970 (1966). Appellant contends that, as the sole remaining partner, he was entitled to a distribution of the partnership assets remaining after all partnership affairs were settled and that, therefore, he obtained the property which was the subject of the recordation tax by operation of law in the course of winding up the partnership. Accordingly, he argues, he already held the property which was taxed, in his individual capacity and as a sole proprietor, before he submitted the new deed for recordation; and the deed which he filed was merely a confirmatory deed, exempt from the recordation tax pursuant to D.C.Code 1981, § 45–922(6). Appellant also maintains that the Lynwood Limited Partnership was not in existence at the time the deed was sub-

mitted for recordation; thus, there was no existing legal entity from which a transfer could be made.

In granting summary judgment in favor of the District, the trial court concluded that *Columbia Realty Venture v. District of Columbia,* D.C.App., 433 A.2d 1075 (1981), was controlling. We agree and affirm the order of summary judgment.

Virtually the same arguments as appellant makes here were advanced and rejected by this court in *Columbia Realty Venture.* We stated in *Columbia Realty Venture,* and we reiterate here, that a partnership holds and conveys property separately and distinctly from the individuals who hold an interest in the partnership. *Id.* at 1076. Thus, the recording of appellant's deed represented a transfer of property from one legal entity to another. This is so despite the fact that appellant was the participant on both sides of the transaction, *id.* at 1078, and despite the fact that the partnership had dissolved. "On dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed." D.C.Code 1981, § 41–129. The distribution of the property in question was the essential function of the winding-up process; winding up was not complete until the partnership had conveyed the partnership property, by deed, to appellant. The recordation of the deed effected a complete change in the legal ownership of the property and, as we emphasized in *Columbia Realty Venture,* this is "the exact event for which the tax is imposed."[1] *Id.* at 1076.

*Affirmed.*

---

1. A transfer is all that the recordation tax statute requires. Appellant argues that he gave no consideration for the property; however, consideration is not required. *See* D.C.Code 1981, § 45–924. Consideration would not negate the fact that a transfer had occurred between two legal entities.