Robert M. PRICE, Petitioner,

v.

DISTRICT OF COLUMBIA RENTAL HOUSING COMMISSION, Respondent.

No. 84–923.

District of Columbia Court of Appeals.

Argued Feb. 7, 1986.

Decided July 3, 1986.

and did not argue for an entrapment instruction.

Glenn A. Mitchell, with whom Alfred S. Fried, Washington, D.C., was on brief, for petitioner.

William J. Earl, Asst. Corp. Counsel, with whom Inez Smith Reid, Corp. Counsel, John H. Suda, Principal Deputy Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington. D.C., were on brief, for respondent.

Before PRYOR, Chief Judge, and MACK and ROGERS, Associate Judges.

PRYOR, Chief Judge:

In this case, petitioner Robert M. Price challenges a decision and order of the Rental Housing Commission (the Commission) affirming an award of a rent refund to tenant Sarah L. Gilliam, in the amount of $13,414. In affirming the award of a rent refund, the Commission found that the property at issue was held in partnership, and not eligible for the exemption from rent control in D.C.Code § 45–1516(a)(3) (1981), which requires, *inter alia*, that the property be "owned by not more than 4 *natural persons.*" *Id.* § 45–1516(a)(3)(A) (emphasis added).

Petitioner makes three primary claims on appeal. First, petitioner argues that the Commission's finding that the property was partnership property was not supported by substantial evidence. Next, petitioner asserts that the Commission erred as a matter of law in ruling that property held in partnership is ineligible for exemption from rent control because not owned by "natural persons" as required by § 45–1516(a)(3)(A). Thirdly, petitioner claims that the hearing examiner abused his discretion in failing to articulate the basis for his award of a rent refund for the months May 1983 through July 1983, during which time the tenant had vacated the property. We find petitioner's first two claims to be without merit. We agree, however, that the hearing examiner failed to adequately explain the basis for the award of a refund for May 1983 through July 1983. Thus, we remand on this issue alone for further action by the Commission.

I

On July 1, 1979, Robert M. Price and Therain Bethea entered into a partnership agreement creating B–P Development Company. The agreement established a partnership between Price and Bethea

> to purchase certain real estate properties, to arrange financing for renovation of these properties, to do all construction and other work necessary to do the renovation of these properties, to hold for investment, to refinance, rent and/or resell these properties.

Three weeks later, on July 20, 1978, Price and Bethea purchased a single-family house located at 3623 New Hampshire Avenue, N.W. (the property). Title to the property was in the names of "Robert M. Price and Therain Bethea as tenants in common," and made no mention of B–P Development Company. At the time of the purchase by

Price and Bethea, Sarah L. Gilliam was a tenant at the property. Ms. Gilliam's rent, as of July 1978, was $145 per month.

On August 23, 1978, Price and Bethea filed a claim of exemption from rent control with the Rental Accommodations Office (RAO). In the claim of exemption, Price and Bethea asserted that they owned not more than 4 rental units in the District of Columbia. The claim of exemption did not mention B–P Development Company.

After the claim of exemption from rent control had been filed, increases in Ms. Gilliam's rent were implemented. On February 1, 1979, Ms. Gilliam was notified of a rent increase from $145 to $325 per month. A year later, on February 1, 1980, the rent was increased again to $400 per month. On April 1, 1983, Ms. Gilliam was notified of a third increase to $525 per month. Following notification of the April 1 increase, Ms. Gilliam refused to pay rent and vacated the property in May 1983.

On June 21, 1983, Ms. Gilliam filed a Tenant Petition/Complaint Form (Tenant Petition) with the RAO. In her Tenant Petition, Ms. Gilliam alleged, among other things, that "Robert M. Price and Therain Bethea of B.P. Properties ... have illegally raised rent in our house, stating rent control exemption since 1978." On September 27, 1983, Price and Bethea filed with the Rent Administrator another statement claiming exemption from rent control. In this statement, Price and Bethea identified three additional properties which they owned in the District of Columbia.

On October 5, 1983, a hearing was held on Ms. Gilliam's Tenant Petition. At the hearing, petitioner testified that the primary purpose of the B–P Development Company was to buy and sell rental property, and that he and Bethea owned the property at issue in this case jointly and equally in partnership. Based on this testimony, and other documentary evidence in the record, the hearing examiner found that the property was held in partnership, and as such was not owned by "natural persons" as required by § 45–1516(a)(3)(A).

Thus, the hearing examiner concluded that the property was ineligible for the exemption from rent control in § 45–1416(a)(3), and ordered that $13,414 be refunded to Ms. Gilliam because of excessive rent increases implemented between February 1979 and July 1983.

Petitioner appealed the hearing examiner's decision and order to the Commission. On appeal, petitioner asserted that the hearing examiner had erred in finding that the subject property was "owned" by the partnership, and in concluding that partnership property is ineligible for exemption from rent control under § 45–1516(a)(3)(A). By order dated June 28, 1984, the Commission rejected these arguments. First, the Commission found that the subject property, although titled in the names of Price and Bethea, was purchased pursuant to a partnership agreement and was partnership property. Further, the Commission concluded that property held in partnership is not exempt from rent control under § 45–1516(a)(3). Based on this conclusion, the Commission affirmed the hearing examiner's decision. This petition for review followed.

## II

Petitioner argues first on appeal that the Commission incorrectly found that the property at issue was held in partnership. In support, petitioner points out that the property was titled in the names of Price and Bethea as individuals, and not B–P Development Company. Finding ample evidence to support the conclusion that the property was partnership property, we reject this argument.

In determining what constitutes partnership property, the intention of the parties governs. J. CRANE & A. BROMBERG, ON PARTNERSHIP § 37(a)(1968); see also Pendleton v. Strange, 381 S.W.2d 617, 618 (Ky.1964); Wilen v. Wilen, 61 Md.App. 337, 353, 486 A.2d 775, 783 (1985). In assessing whether property is held in

partnership, record title is not determinative. As one court has noted:

> Although real estate may be acquired and conveyed in the partnership name, ... it need not be so titled in order to be partnership property. Property may be titled ... in the names of two or more partners, either as joint tenants or tenants in common, ... and still be partnership property. It is the intention of the parties, not record title alone, that determines whether property not held in the name of the partnership is partnership property....

*Wilen v. Wilen, supra,* 61 Md.App. at 353, 486 A.2d at 783 (citations omitted). *See also Vineland Homes, Inc. v. Barish,* 138 Cal.App.2d 747, 754, 292 P.2d 941, 947 (1956) (deed to appellants "each as to an undivided one-fourth interest as his separate property" did not, as a matter of law, establish that the tract was held by them as tenants in common and not partners).[1] Rather, each case must be determined by "weighing all its pertinent facts and circumstances." *Vlamis v. DeWeese,* 216 Md. 384, 391, 140 A.2d 665, 669 (1958). Among the factors given considerable weight by courts in determining partnership intent are "declarations or admissions by the partner with title that the property is a partnership asset, and receipt of income by [the] partnership." *Pendleton v. Strange, supra,* 381 S.W.2d at 618.

■ As petitioner recognizes, our review of the Commission's finding that the property was held in partnership is limited to the narrow question of whether the decision is supported by substantial evidence on the record considered as a whole. D.C. Code § 1–1510(a)(3)(E) (1981); *Liberty v. Police and Firemen's Retirement and Relief Board,* 410 A.2d 191, 192 (D.C.1979). Substantial evidence means "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Washington Post Co. v. District Unemployment Compensation Board,* 377 A.2d 436, 439 (D.C.1977) (quoting *Consolidated Edison v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)).

The record in this case indicates that the property at issue was pruchased by Price and Bethea only three weeks after they formed B–P Development Company, a partnership established, among other things, to "purchase certain real estate properties ... to rent and/or resell...." In the lease executed with Ms. Gilliam, B–P Property was listed as the agent for collection of rental payments. A notice of a rent increase sent to Ms. Gilliam on November 28, 1979, designated the return address as Robert M. Price, B.P. Properties.[2] Consistent with these documents, Ms. Gilliam listed B.P. Property as the landlord on the Tenant Petition she filed with RAO. Finally, in his decision and order, the hearing examiner cited testimony by petitioner that the "[s]ubject property is owned by a partnership." Based on this documentary evidence and oral testimony, we find the Commission's conclusion that the property was held in partnership to be supported by substantial evidence.

### III

■ Petitioner claims next that the Commission erred as a matter of law in conclud-

---

**1.** A leading treatise explains the significance of record title in the determination of partnership property as follows:

> If the property is a kind which has record title ... or is carried in a given name, ... there is a presumption of some vigor that the named owner is the beneficial owner. However, the presumption is not symmetrical. Record title in the firm is much more indicative of firm ownership than is individual title of individual ownership. The explanation for the lopsided presumption is easy. Title would rarely be placed in partnership unless the ownership were intended to be there too. But title is often taken in individual names when ownership by the firm is intended, in anticipation of real or imagined difficulties in later transferring good title to a buyer.

J. CRANE & A. BROMBERG, *supra,* § 37(c) (footnotes omitted).

**2.** Nothing in the record suggests that B.P. Property or B.P. Properties are entities different from B–P Development Company.

ing that property held in partnership is ineligible for the exemption from rent control in D.C.Code § 45–1516(a)(3) (1981). We disagree.

In considering petitioner's claim, we note initially that "[s]ince the Commission is charged with the administration of the rent control statutes, we owe deference to its interpretation thereof ... unless the interpretations are unreasonable." *Charles E. Smith Management, Inc. v. District of Columbia Rental Housing Commission,* 492 A.2d 875, 877 (D.C.1985); *see also Remin v. District of Columbia Rental Housing Commission,* 471 A.2d 275, 279 (D.C. 1984) (agency's interpretation of a statute it administers and enforces is controlling unless plainly wrong or inconsistent with its legislative purpose). In addition, we have held that "[e]xemptions from rent control laws should be narrowly construed in light of the intent of the legislature and plain meaning of the legislation." *Remin, supra,* 471 A.2d at 279; *see also Bernstein v. Lime,* 91 A.2d 841, 843 (D.C.1952). Moreover, the landlord has the burden of establishing that an exemption applies. *Bernstein, supra,* 91 A.2d at 843.

Under D.C.Code § 45–1516(a)(3), an exemption from rent control is provided for "[a]ny rental unit in any housing accommodation of 4 or fewer units, including any aggregate of 4 units within the same structure or not...." This exemption is subject to three limitations, the first one of which requires that the housing accommodation be "owned by not more than 4 natural persons." *Id.* § 45–1516(a)(3)(A).

In this case, the Commission found petitioner's partnership property ineligible for exemption from rent control because it was not owned by "natural persons." The Commission explained the basis for its decision as follows:

> This landlord does not fit within the class of owners intended by the legislature. Here the property is owned by a partnership whose existence was created for the express purpose of acquiring and dealing in real estate. This is not the natural person, small individual landlord, which the legislature intended to confer a special exemption upon.
>
> Despite the fact that the partnership only owned a few units, we rule that the legislature intended to exempt individuals not businesses.

For the reasons stated below, we find the Commission's interpretation of D.C.Code § 45–1516 to be reasonable.[3]

**3.** As a threshold matter, we note that the sparse legislative history of D.C.Code § 45–1516(a)(3)(A) is unilluminating. At the time the rent control exemption now codified at D.C. Code § 45–1516(A)(3) was first considered by the Council of the District of Columbia (Council), the Housing and Urban Development Committee of the Council circulated a report explaining the purpose of the exemption as follows:

> The wording of this exemption ... is expressly intended to provide coverage of corporations (either existing or newly formed) holding four or fewer units.
>
> This exemption purports to ease (1) the disproportionate burden which rent control imposes on many small landlords as documented at Public Hearings ...; (2) the administrative load on the Rental Accommodations Office.

COUNCIL OF THE DISTRICT OF COLUMBIA, COMMITTEE ON HOUSING AND URBAN DEVELOPMENT, REPORT ON BILL NO. 1–40 "BILL TO STABILIZE RENTS IN THE DISTRICT OF COLUMBIA AND TO ESTABLISH A RENT STABILIZATION COMMISSION," at 6 (May 19, 1975) (Committee Report). In this passage, the Committee clearly manifests its intention that property owned by corporations be subject to rent control. The Committee Report is silent, however, as to whether property held in partnership is subject to the rent control. Petitioner urges that we infer—based on the Committee's silence—that property held in partnership is not subject to rent control. We decline to make this inference.

References in the Committee Report to easing the burden on "small landlords" are also unhelpful. As a theoretical matter, a corporate landlord can be just as "small" as one holding property in partnership. Size, therefore, is not a meaningful basis for gleaning the Council's intended definition of "natural persons" in § 45–1516(a)(3)(A). However, the Commission's reference to small individual landlords is consistent with the purpose of the exemption for small landlords to remove the burdens of compliance from those who were not in a position to ease or shift that burden, namely an individual who is not in the rental housing business. *See id.* at 6, 23.

Initially, we note that the Rental Housing Act of 1980 (1980 Act)[4] does not define the term "natural persons." Significantly, however, the term "person" is defined expansively to include:

an individual, corporation, partnership, association, joint venture, business entity, or an organized group of individuals, and their respective successors and assignees.

D.C.Code § 45–1503(19) (1981). In light of the broad definition of the term "person" in the 1980 Act, the Commission could, in our view, reasonably conclude that use of the term "natural persons" in D.C.Code § 45–1516(a)(3)(A) suggests a qualification or restriction of the broader term that excludes partnerships. *Cf. In re T.L.J.*, 413 A.2d 154, 158 (D.C.1980) (one part of a statute may not be construed so as to render another part meaningless); *Carey v. Crane Service Co.*, 457 A.2d 1102, 1108 (D.C.1983) (statutory provisions must not be construed in isolation but together with related provisions).

Petitioner argues, however, that the Commission's interpretation of natural persons is unreasonable because

partnerships are not entities separate and distinct from the partners who constitute them. While the corporation is an artificial person, a creature of statute, a partnership is nothing more than an aggregation of natural persons.

Based on this reasoning, petitioner asserts that the property at issue here was exempt from rent control because it "was owned by two natural persons, whether it was partnership property or not."

---

**4.** D.C.Law 3–131, 28 D.C.Reg. 326, D.C.Code §§ 45–1501 through –1597 (1981).

**5.** Petitioner makes two additional claims meriting only brief discussion. First, petitioner asserts that in awarding Ms. Gilliam a rent refund, the hearing examiner improperly relied upon 14 DCMR § 3407.8(a) (1985), which provides:

In determining whether or not rental units are exempt from coverage under D.C.Code § 45–1516(a)(3), the following criteria shall apply:

Petitioner's argument is unpersuasive because it runs counter to settled law in our jurisdiction. We have repeatedly stated in various contexts, "that a partnership holds and conveys property separately and distinctly from the individuals who hold an interest in the partnership." *Cowan v. District of Columbia Department of Finance and Revenue*, 454 A.2d 814, 815 (D.C.1983) (per curiam); *see also Columbia Realty Venture v. District of Columbia*, 433 A.2d 1075, 1076 (D.C.1981). Thus, we cannot accept petitioner's assertion that property is owned by natural persons "whether it [is] partnership property or not." We find no basis, therefore, for rejecting as unreasonable the Commission's definition of "natural persons" as excluding partnerships.

## IV

■ Next, petitioner asserts that the hearing examiner erred in awarding a refund of rent overcharges for the period May 1983 through July 1983. Petitioner argues that award of a refund for these months was error because the tenant vacated the apartment in May 1983, after refusing to pay the April rent increase.

Our review of the record in this case reveals no findings by the hearing examiner or Commissioner as to why a rent refund was ordered for three months that the tenant did not reside at the property. Absent such a justification, we cannot affirm the award of a rent increase for May 1983 through July 1983. Thus, we remand this case to the Commission on this issue alone, for further action not inconsistent with this opinion.[5]

*So ordered.*

---

(a) All rental units owned by partnerships and corporations are subject to the Act irrespective of how many units are owned.

Petitioner claims that reliance on this regulation was improper because it was promulgated after proceedings before the hearing examiner were concluded. We reject this argument because, as was conceded by petitioner's counsel at oral argument, nothing in the decision of the hearing examiner or the Commission indicates that they relied on the regulation.

Next, petitioner asserts that the Commission erred in awarding a rent refund for a period prior to May 1, 1981, the effective date of the 1980 Act. This claim is based on D.C.Code § 45–1594 (1981), which provides:

This chapter [the 1980 Act] shall be deemed to supersede the Rental Accommodations Act of 1975, and the Rental Housing Act of 1977: Except, that a petition filed with the Rent Administrator under the Rental Housing Act of 1977 shall be determined under the provisions of the Rental Housing Act of 1977.

Relying on this language, petitioner argues that because Ms. Gilliam did not file complaints under both the Rental Housing Act of 1977, D.C.Law 2–54, 24 D.C.Reg. 5334, D.C.Code §§ 45–1681 through –1699.27 (1980 Supp.) (1977 Act), and the 1980 Act, she is precluded from seeking relief from any alleged violation that occurred prior to the effective date of the 1980 Act.

While the 1980 Act altered some administrative procedures and made certain changes in the law regarding future rent increases, most of the provisions of the 1977 Act are materially identical to the corresponding provisions of the 1980 Act. Applying the "doctrine of substantial reenactment," we conclude that the substantive rights of both landlords and tenants under the 1977 Act were intended to, and did, continue in force under the 1980 Act. This doctrine provides:

Provisions of the original act or section which are repeated in the body of the amendment, either in the same or equivalent words, are considered a continuation of the original law. This rule of interpretation is applicable even though the original act or section is expressly declared to be repealed.

1A SUTHERLAND, STATUTES AND STATUTORY CONSTRUCTION § 22.33, at 287 (4th ed. rev. 1985) (footnotes omitted). Accordingly, the tenant in this case had a right to file a complaint under the 1980 Act for relief from violations of the 1977 Act, subject only to the procedural requirements of the 1980 Act. We reject petitioner's argument to the contrary.