*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 24-TX-0500

MILTON A. BARLOW, JR., APPELLANT,

V.

DISTRICT OF COLUMBIA, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(2022-CVT-000740)

(Laura A. Cordero, *Judge*)

(Argued November 12, 2025                    Decided May 14, 2026)

*Kerry J. Davidson* for appellant.

*Thais-Lyn Trayer*, Deputy Solicitor General, with whom *Brian L. Schwalb*, Attorney General for the District of Columbia, *Caroline S. Van Zile*, Solicitor General, *Ashwin P. Phatak*, Principal Deputy Solicitor General, were on the brief, for appellee.

Before BECKWITH and DEAHL, *Associate Judges*, and WASHINGTON, *Senior Judge*.

BECKWITH, *Associate Judge*: Milton A. Barlow, Jr., was the primary beneficiary of a trust established to benefit him as well as his relatives. The trustee, Austin Trust Company (ATC), purchased a residential property in the District of Columbia on behalf of the trust and paid taxes on the property at the time of

purchase. Fourteen years later, the trust was dissolved and ATC deeded the property to Mr. Barlow. Although Mr. Barlow initially paid taxes on this property transfer and the recordation of the deed, he now seeks a refund, arguing that his deed is exempt from these taxes under District law. Because the tax exemptions Mr. Barlow cites—the statutory tax exemptions for "[s]upplemental deeds," D.C. Code §§ 42-1101(15), 42-1102(6), 47-902(8), and the tax exemptions provided by District regulations, 9 D.C.M.R. §§ 509.1, 609.1—do not apply here, we affirm the trial court's grant of summary judgment to the District.

## I. Background

Mr. Barlow's father (the settlor) created an irrevocable trust—a trust that requires the settlor to cede nonfiduciary control of the property in the trust—for the primary benefit of Mr. Barlow. *See generally* Amy Morris Hess et al., *Bogert's The Law of Trusts and Trustees* § 234 (3d ed. May 2025 update) [hereinafter *Bogert*]; Restatement (Third) of Trusts § 63 cmt. c(1) (A.L.I. 2003). The trust agreement granted the trustee, later designated as ATC, "the widest latitude in the exercise of [its] powers," including selling trust property and managing that real property as if it "were the absolute owner[] thereof."[1] The trust agreement also designated the

---

[1] Without deciding, we assume, like the litigants do, that the trust agreement and the trust should be construed according to District law.

settlor's wife and Mr. Barlow's siblings as secondary beneficiaries who were eligible for disbursements from the trust at ATC's discretion.

In 2007, at Mr. Barlow's direction, ATC purchased and recorded a deed to the property at the center of this dispute. Soon after, the trust paid $31,029.98 in transfer and recordation taxes to the District of Columbia. ATC was the record owner of the property for fourteen years until 2021 when the trust was dissolved and the property was transferred for no consideration to Mr. Barlow, who executed and recorded his deed to the property. Mr. Barlow paid transfer and recordation taxes to the District in the amount of $53,181.36. Mr. Barlow then sought a refund for the taxes, arguing that his deed was exempt under District law. The Office of Tax and Revenue (OTR) denied his claim, stating in relevant part that his deed was ineligible for an exemption under the District's regulation.[2] *See* 9 D.C.M.R. § 509.

Mr. Barlow then petitioned the Superior Court to review the denial of his refund claim. In granting the District's motion for summary judgment, the trial court concluded that the property transfer and recordation of the 2021 deed were subject to taxation because the trust was "legally distinct and separate" from Mr. Barlow,

---

[2] OTR also stated that generally a trustee cannot be a trust beneficiary's nominal grantee under the District's regulation. The trial court did not rely on that reasoning in ruling for the District. As Mr. Barlow does not raise the issue on appeal, we do not address whether a trustee is categorically ineligible to act as a trust beneficiary's nominal grantee under the District's regulations.

and "under District of Columbia law, recordation and transfer taxes are imposed on each change in the legal entity owning real property."[3] Mr. Barlow appealed after the trial court denied his motion for reconsideration.

## II. Statutory and Regulatory Framework

The District collects taxes on the transfer of real property and the recordation of deeds. Generally, when real property is transferred in D.C., a recordation tax and a transfer tax are imposed based on the property's fair market value or the consideration paid. *See* D.C. Code §§ 47-1431(a) (recordation of deed required within thirty days of execution), 42-1103(a)(1) (recordation tax), 47-903(a)(1)

---

[3] Mr. Barlow argues that the trial court erred in finding that the "Trustee transferred the Property *from the Trust* to Petitioner" because "[w]hile funds to purchase the Property indeed came from the Trust, the Property itself was titled to the corporation ATC, not to the Trust." The District notes that this "is a new argument on appeal that this Court should disregard." Even so, we see no support in the record for Mr. Barlow's position because the 2007 and 2021 deeds expressly identify ATC as "Trustee of the Milton A. Barlow Trust [established] January 24, 1964 for the benefit of Milton Allan Barlow, Jr." Indeed, as Mr. Barlow acknowledges, D.C. "law allows for a trustee to hold real property on behalf of a Trust." *See* D.C. Code § 19-1304.18 (permitting property transferred to a trust to be titled in the name of the trust or trustee); *see also Bogert* § 1 (defining a trustee as an "individual or entity . . . that holds the trust property for the benefit of another"). In identifying ATC as trustee, the 2007 and 2021 deeds made clear that the property was within the trust. Thus, the trial court did not err (and certainly did not clearly err) in determining that the 2021 deed transferred the property *from the trust*, and not from ATC as an entity separate from the trust. Although Mr. Barlow suggests the 2007 deed reflected a "specific designation" for his benefit, the language he cites merely restated the formal name of the trust.

(transfer tax). The D.C. Code enumerates certain exemptions to each of these taxes. *Id.* §§ 42-1102 (recordation tax exemptions), 47-902 (transfer tax exemptions). The taxpayer seeking to exempt a transfer of real property from these taxes "bears the burden of proving that an exemption applies." *Vornado 3040 M St. LLC v. District of Columbia*, 318 A.3d 1185, 1191-92 (D.C. 2024); D.C. Code §§ 42-1107, 47-907; *see also Commonwealth Land Title Ins. v. District of Columbia*, 343 A.3d 914, 918 (D.C. 2025).

At issue here are the tax exemptions for the recordation and transfer of real property through a supplemental deed. D.C. Code § 42-1102(6); *see also id.* § 47-902(8). A supplemental deed is "a deed that confirms, corrects, modifies, or supplements a prior recorded deed without additional consideration." *Id.* § 42-1101(15). District regulations further define a supplemental deed—exempt from taxation—to include transfers subsequently executed without consideration where:

> [T]he grantee named in a recorded deed upon which the applicable tax has been paid acted as a nominal grantee for the sole purpose of holding, on behalf of another person, naked title to the property described in the deed . . . [thereafter] naming as grantee the person on whose behalf the nominal grantee acted . . . .

9 D.C.M.R. §§ 509.1 (recordation tax exemption), 609.1 (transfer tax exemption). In other words, the nominal grantee regulations exempt from transfer and

recordation taxes certain deeds and transfers involving a third party that holds naked title on behalf of another. Because the language of these recordation and transfer tax regulations is nearly identical, we analyze and refer to them together simply as the nominal grantee regulations. *See id.* §§ 509.1, 609.1.

### III. Analysis

On appeal, Mr. Barlow argues that the 2021 deed and transfer should be exempt from transfer and recordation taxes both under the supplemental deed exemptions[4] and the implementing regulations' nominal grantee exemption. Because the coverage of the supplemental deed provisions and the nominal grantee regulations does not completely overlap, we address them separately and also briefly consider Mr. Barlow's other contentions.

---

[4] Although Mr. Barlow seeks to recoup his payment of both the transfer and recordation tax, he cites only the exemption to the recordation tax, *see* D.C. Code § 42-1102(6); *see also id.* § 42-1101(15), but not the exemption to the transfer tax, *see id.* § 47-902(8). Because these two statutory exemptions are substantially similar, as the District implies, we treat Mr. Barlow's briefing as having raised both exemptions. *Compare id.* § 42-1101(15) ("[A] deed that confirms, corrects, modifies, or supplements a prior recorded deed without additional consideration."), *with id.* § 47-902(8) ("Transfers which, without additional consideration, confirm, correct, modify, or supplement a transfer previously recorded.").

## A. Standard of Review

This court reviews orders granting summary judgment de novo. *Radbod v. Moghim*, 269 A.3d 1035, 1041 (D.C. 2022). We apply the same standard the Superior Court applies: "Summary judgment is properly granted only if the record contains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.*; *see* Super. Ct. Civ. R. 56(a). Though we are bound to "view the evidence in the light most favorable to the non-moving party, mere conclusory allegations by the non-moving party are legally insufficient to preclude entry of summary judgment." *Tobin v. John Grotta Co.*, 886 A.2d 87, 89-90 (D.C. 2005).

## B. Supplemental Deed Provisions

A conveyance of real property between two separate entities such that there is "a complete change in the legal ownership of the property" does not qualify for tax exemption under the supplemental deed provision. *Cowan v. D.C. Dep't of Fin. & Revenue*, 454 A.2d 814, 815 (D.C. 1983); *see Columbia Realty Venture v. District of Columbia*, 433 A.2d 1075, 1076 (D.C. 1981) (same). The primary question here is whether the recorded deed and property transfer constituted such a conveyance. If so, the supplemental deed provisions do not exempt Mr. Barlow from paying the

transfer and recordation taxes.[5]

Mr. Barlow argues that the trial court erred in ruling that the 2021 deed and conveyance between him and the trust did not qualify as a supplemental deed.[6] Two decisions of this court—*Columbia Realty Venture v. District of Columbia*, 433 A.2d 1075 (D.C. 1981), and *Cowan v. District of Columbia Department of Finance &*

---

[5] *Columbia Realty*'s interpretation of the supplemental deed exemption to the recordation tax (subsequently applied in *Cowan*) also controls the analysis of the statutory exemption to the transfer tax given the substantial similarity of the terms of these two exemptions. *See Columbia Realty*, 433 A.2d at 1076 (quoting D.C. Code § 45-722(6) (1973)); *Cowan*, 454 A.2d at 815 (citing D.C. Code § 45-922(6) (1981)); D.C. Code §§ 45-722(6) (1973) ("Deeds which, without additional consideration[,] confirm, correct, modify, or supplement a deed previously recorded."), 45-922(6) (1981) (same), 42-1101(15) ("[A] deed that confirms, corrects, modifies, or supplements a prior recorded deed without additional consideration."); *see also id.* §§ 47-902(8) (1981) ("Transfers which, without additional consideration, confirm, correct, modify, or supplement a transfer previously recorded."), 47-902(8) (same in current version). The litigants accordingly address these two statutory exemptions in tandem. *See supra* note 4.

[6] Mr. Barlow also argues in passing that the supplemental deed exemptions are ambiguous and should be strictly construed against the state. Because Mr. Barlow presents no argument for why the language is ambiguous, offers no alternative interpretation for the text, and presents this underdeveloped argument to a three-judge division that is not in a position to deviate from our past precedent interpreting the provisions, *see supra* note 5, we reject his contentions. *See Expedia, Inc. v. District of Columbia*, 120 A.3d 623, 632 (D.C. 2015) (finding ambiguity because "the plain meaning of the statute is open to two reasonable, yet opposing, interpretations"); *M.A.P. v. Ryan*, 285 A.2d 310, 312 (D.C. 1971) ("No division of this court will overrule a prior decision of this court . . . ." (citation modified)); *see also 1137 19th St. Assocs. v. District of Columbia*, 769 A.2d 155, 161 & n.6 (D.C. 2001) (noting that while tax laws, in general, are strictly construed against the state if the statute in controversy is unclear and ambiguous, tax *exemptions* are to be construed strictly against the party claiming an exemption).

*Revenue*, 454 A.2d 814 (D.C. 1983)—are particularly instructive. Like Mr. Barlow, the taxpayers in both cases argued that their taxed deeds did nothing more than "confirm, correct, modify, or supplement a deed previously recorded." *Columbia Realty*, 433 A.2d at 1076 (quoting D.C. Code § 45-722(6) (1973)); *accord Cowan*, 454 A.2d at 815 (citing D.C. Code § 45-922(6) (1981)).

In *Columbia Realty*, an unincorporated business trust deeded several parcels of real property to a limited partnership. 433 A.2d at 1075. The taxpayer argued that, because "the shareholders of the trust and the holders of the partnership interests in the [limited partnership] [we]re essentially the same people," the deeds worked "a formal, as opposed to actual, change of ownership [that] should not be taxed upon recordation." *Id.* at 1077. We rejected the taxpayer's argument, however, concluding that where the trust and the limited partnership both had "the legal capacity to acquire and hold property distinct from" the individuals that held an interest in them, "[t]here was a complete change of the lawful owner of the real property" when the limited partnership acquired the properties from the trust. *Id.* at 1076. Notwithstanding that the shareholders of the trust and the holders of the partnership interests consisted of largely the same participants, the trust and the limited partnership were still "distinct legal entities." *Id.* at 1076, 1078. *Columbia Realty* established that a deed conveying real property between two legal entities capable of holding property for themselves is not exempt from the recordation tax under the

supplemental deed provision, even if "the participants in each of the two [entities] are identical." *Id.* at 1076, 1078.

*Cowan* applied the rule in *Columbia Realty* to a transfer of real property from a partnership to an individual who was the sole proprietor of that partnership, again holding that "[t]he recordation of the deed effected a complete change in the legal ownership of the property." 454 A.2d at 815. Because "a partnership holds and conveys property separately and distinctly from the individuals who hold an interest in the partnership," *Cowan* concluded that this is "the exact event for which the tax is imposed." *Id.* (quoting *Columbia Realty*, 433 A.2d at 1076). The supplemental deed provision does not exempt a transfer from the recordation tax if real property was conveyed from one legal entity to another, even where the taxpayer "was the participant on both sides" of the transfer. *See id.*

Under *Columbia Realty* and *Cowan*, the supplemental deed provisions do not apply to the 2021 deed because there was a conveyance of real property from the trust to Mr. Barlow—two distinct and separate legal entities. The trust, through ATC as the trustee, had the legal capacity to acquire and hold property distinct from the beneficiaries of the trust. *See* D.C. Code §§ 19-1308.15(a)(2), 19-1308.16(1)-(3); *Bogert* § 1; Restatement (Third) of Trusts § 2 (A.L.I. 2003). Like the individual in *Cowan*, Mr. Barlow was also capable of holding and conveying real property in his

own name. *See* 454 A.2d at 815. Because the 2021 deed was in fact a conveyance from the trust to Mr. Barlow, there was a complete change in the legal ownership of the property, and thus the supplemental deed provisions do not apply. *See id.*

The legislature has the prerogative to create tax exemptions for recorded deeds and transfers of real property. It has, for example, created tax exemptions for deeds "between spouses, parent and child, grandparent and grandchild . . . without actual consideration," D.C. Code §§ 42-1102(7), 47-902(5), deeds to property transferred to a "qualifying lower income homeownership household," *id.* §§ 42-1102(12), 47-902(9), and deeds to property transferred to a "beneficiary of a revocable trust [because] of the death of the grantor of the revocable trust," *id.* §§ 42-1102(18), 47-902(13). The legislature could have crafted an exemption for deeds to property transferred from an irrevocable trust to the beneficiary of that trust. It did not do so, and we cannot circumvent that decision. *See Columbia Realty*, 433 A.2d at 1079 ("Attempts to expand the statutory exemption at issue in this jurisdiction have been rejected."); *see also Dupont Park Apartments, Inc. v. District of Columbia*, 345 F.2d 109, 110 (D.C. Cir. 1965).

### C.  Nominal Grantee Regulations

We turn next to Mr. Barlow's argument that the 2021 deed was exempt from transfer and recordation taxes under the nominal grantee regulations. For a deed and

transfer to be exempt under the nominal grantee regulations, the grantee named in a prior recorded deed must have "acted as a nominal grantee for the sole purpose of holding, on behalf of another person, naked title to the property described in the deed." 9 D.C.M.R. §§ 509.1, 609.1.[7]

---

[7] The District represents that the nominal grantee regulations "typically" apply to reverse like-kind exchanges under § 1031 of the Internal Revenue Code. *See* 26 U.S.C. § 1031(a)(1), (3); *Vornado 3040 M St. LLC v. District of Columbia*, 318 A.3d 1185, 1188 (D.C. 2024) ("In a reverse like-kind exchange, no gain or loss is recognized if a taxpayer (1) receives a property held for business or investment purposes and (2) within 180 days, identifies a replacement property to be purchased and sells the received property as the relinquished property." (citation modified)). Mr. Barlow responded at oral argument that the District's regulations should likewise apply to the 2021 deed because reverse like-kind exchanges often involve trusts that have titleholders with considerable managerial powers over trust property and multiple beneficiaries, just as ATC did. Not so. In an ordinary reverse like-kind exchange, a titleholder (known as an exchange accommodation titleholder) that qualifies under the § 1031 scheme is "a single purpose entity formed for the exclusive purpose of providing services" to the taxpayer, subject to a detailed "contract[] to cooperate in effecting an exchange of current property." *See Est. of Bartell v. Comm'r of Internal Revenue*, 147 T.C. 140, 148-49 (T.C. 2016) (describing the numerous contours of the written agreement between a taxpayer and an exchange accommodation titleholder); *see also* Rev. Proc. 2000-37, § 4.02(3), 2000-40 I.R.B. 308 (requiring the "titleholder enter into a written agreement" to take advantage of a § 1031 safe harbor). Moreover, a qualifying titleholder usually would have no assets other than "a right to acquire the [designated] property and then title to the [designated] property, subject to various contractual terms governing the property's disposition." *See, e.g.*, *Est. of Bartell*, 147 T.C. at 148, 166.

ATC, however, was not a single purpose entity but was instead charged with providing for the "interests of the beneficiaries," *see* D.C. Code § 19-1308.02(a) (trustee's duty of loyalty), and there has been no indication of a written agreement between ATC and Mr. Barlow to hold naked title. Also, ATC managed assets other than the property and had broad rights to hold, sell, and invest any real property received into the trust corpus, not just a designated parcel. Contrary to Mr. Barlow's

A nominal grantee is a grantee "[e]xisting in name only." *Nominal*, *Black's Law Dictionary* (12th ed. 2024); *see also Nominal*, *Black's Law Dictionary* (4th rev. ed. 1968) (same); *Nominal*, *American Heritage Dictionary* (5th ed. 2022) ("Of, resembling, relating to, or consisting of a name or names. . . . Existing in name only; not real.").[8] When ATC took ownership of the property in 2007 it did so in more than name only because the trust agreement charged ATC with broad powers to hold, manage, sell, and invest property in the trust as an "absolute owner[] thereof." Mr. Barlow contended at oral argument that "the analysis has to be done on the actual acts of the [grantee]" to determine whether ATC falls within the nominal grantee regulations—that is, we must evaluate what ATC *actually* did with respect to the property rather than what the trust instrument permitted it to do. Even assuming a grantee's actions are the only relevant consideration—something that the regulations do not support[9]—ATC's actions here demonstrate that it owned the property in more

---

position, ATC was significantly different from a qualifying exchange accommodation titleholder.

[8] *Cf. McCarroll v. Alexander*, 48 Miss. 128, 136 (1873) ("The grantee who paid nothing out of his own funds, and incurred no obligation for the price, fills but a *nominal* place in the transaction, and is really the medium, only, through whom the estate comes beneficially to him whose money or means have paid for it." (emphasis added)).

[9] Adopting Mr. Barlow's argument would require OTR to assess any number of actions taken by a putative nominal grantee each time a taxpayer raises the nominal grantee regulations. Imposing such a requirement would be impracticable and inconsistent with statutory provisions that place the burden on the taxpayer to

than name only: Over the fourteen years it held title, ATC also paid approximately $200,000 in real estate taxes on the property using funds in the trust. We have held, albeit in a different context, that "the payment of taxes" on property constitutes an "act[] of ownership." *Est. of Wells v. Est. of Smith*, 576 A.2d 707, 712-13 (D.C. 1990). Likewise, ATC's act of paying multiple years of real estate taxes on the property is an act for the purpose of ownership, not for "the sole purpose of holding . . . naked title to the property" as a nominal grantee. 9 D.C.M.R. §§ 509.1, 609.1.

Even if ATC was a nominal grantee for "another person," *id.* §§ 509.1, 609.1, the assertion that Mr. Barlow in particular would have been that other person[10] is conclusory because in 2007 the trust had seven named beneficiaries, including Mr. Barlow, to whom ATC owed a duty of loyalty. *See* D.C. Code § 19-1308.02(a) ("A

---

show the District that a conveyance is exempt from tax, not the other way around. *See* D.C. Code §§ 47-907, 42-1107.

Even if substantiated, Mr. Barlow's assertions about the other "acts of the trust"—such as "allow[ing] him" to renovate and reside on the property and excluding the property from ATC's management fee—do not override ATC's broad authority over the property under the trust agreement.

[10] Mr. Barlow also asserted at oral argument that *Columbia Realty* is in tension with the nominal grantee regulations because the exemptions under the regulations' plain text require a conveyance between two distinct legal entities or "another person," while *Columbia Realty* interpreted the language in the regulations to require that "the parties be identical" to qualify for the tax exemption. Mr. Barlow cited this alleged contradiction as reason to "revisit" the analysis in *Columbia Realty* and *Cowan* "all across the board." As a three-judge panel, however, we cannot overrule a prior division of this court. *See M.A.P.*, 285 A.2d at 312.

trustee shall administer the trust solely in the interests of the *beneficiaries*." (emphasis added)). ATC could not simply disavow its duty as trustee to advance the interests of the trust's beneficiaries, including Mr. Barlow's siblings, in favor of a different sole purpose.[11] *See id.*

Mr. Barlow's remaining contention is that "ATC took every possible step to create an asset exclusively for [Mr. Barlow] that was no longer under the umbrella of the [t]rust" in an effort to "become a nominal grantee." Not only are we unpersuaded that the property was separate from the trust corpus[12] or that ATC created an asset exclusively for Mr. Barlow, but to the extent he wishes to exempt his property transfer from the District's taxes under a new tax exemption, those arguments are more suitable for the legislature than this court. Mr. Barlow also conceded at oral argument that, instead of directing ATC to purchase the property for the trust, he could have directed ATC to give him the money to acquire the property and then executed and recorded the 2007 deed in his own name—thereby obviating the 2021 conveyance and the transfer and recordation taxes disputed here.

---

[11] Mr. Barlow argues that if we do not hold that ATC was a nominal grantee, then the 2007 deed created an implied bare trust, which held the property separate from the trust corpus. Mr. Barlow has not cited any case in this jurisdiction that recognizes the creation of a bare trust, we are not aware of any case, and such an implied bare trust would appear to contravene the Statute of Frauds given the absence of any signed writing establishing this trust. *See* D.C. Code § 28-3503.

[12] *See supra* note 3.

But he instead elected to have ATC purchase the property for the trust, a decision that can offer various tax and financial advantages. *See Bogert* § 264.10. Even if every effort was made to structure his affairs to avoid the transfer and recordation taxes at issue in this appeal, Mr. Barlow assumed the risk that the arrangement might not meet "the formalistic and often technical requirements of the tax code," *Expedia*, 120 A.3d at 644, and that later there may be unintended tax consequences resulting from that decision, *see Vornado 3040*, 318 A.3d at 1199. Having assessed all the arguments before us, we discern no basis to conclude that ATC served as a nominal grantee for the sole purpose of holding naked title to the property on behalf of Mr. Barlow. In sum, the nominal grantee regulations do not exempt the 2021 conveyance from transfer and recordation taxes.

## IV. Conclusion

For the foregoing reasons, we affirm the trial court's grant of summary judgment in favor of the District.

*So ordered*.